No. 97-216

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 95

GERAMY RANTA,

Petitioner,

v.

STATE v. MONTANA, and MIKE
MAHONEY, Warden, Montana State Prison,

Respondent.

APPEAL FROM:    Original Proceeding

COUNSEL OF RECORD:

For Appellant:

Jeffrey T. Renz, Peter Fashing, Legal Intern, Tara Javid, Legal
Intern, School of Law Defender Project, Missoula, Montana

For Respondent:

Joseph P. Mazurek, Attorney General, Jennifer Anders,
Assistant Attorney General, Helena, Montana; Dennis Paxinos,
Yellowstone County Attorney,Billings, Montana

Heard: October 1, 1997
Submitted:  October 30, 1997
Decided:   April 30, 1998
Filed:

_____
Clerk

Justice William E. Hunt, Sr. delivered the Opinion and Order of the Court.

¶1    This case comes to the Court on petitioner Geramy Ranta's petition for

post-conviction relief.  Ranta challenges the decisions and judgments of the Sentence Review Division of the Montana Supreme Court  affirming and increasing his sentences in cause numbers DC 94-639, DC 94-543, and DC 95-278 as unconstitutional on the grounds that the State failed to appoint counsel to represent him in his sentence review.  Ranta requests that his original sentences be reinstated.  We grant Ranta the relief he requests, but we do so in the context of an extraordinary writ as opposed to granting post-conviction relief.

¶2    Ranta raises the following issues:

¶3    1.    Was Ranta denied his right to counsel in violation of Article II, Section 24 of the Montana Constitution and the Sixth and Fourteenth Amendments to the United States Constitution when the Sentence Review Division failed to appoint counsel to represent him during the sentence review process?

¶4    2.    Was Ranta denied due process of the law in violation of Article II, Section 17 of the Montana Constitution and the Fourteenth Amendment to the United States Constitution when the Sentence Review Division failed to appoint counsel to represent him during the sentence review process?

¶5    3.    Was Ranta denied equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution when the Sentence Review Division failed to appoint counsel to represent him during the sentence review process?

¶6    4.    Is Rule 14 of the Rules of the Sentence Review Division authorized by its enabling legislation and unconstitutional?

¶7    Because we determine the first issue to be dispositive, we do not address the remaining issues.

FACTUAL AND PROCEDURAL BACKGROUND

¶8    In 1995 Ranta pled guilty to and was convicted in three separate criminal prosecutions in Yellowstone County: DC 94-639 (criminal mischief), DC 94-543 (burglary and misdemeanor theft), and DC 95-278 (theft).  The court sentenced him as follows: in cause number DC 94-639, his sentence was five years; in cause number DC 94-543, his sentence was five years for the offense of burglary and six months for the offense of misdemeanor theft to run concurrently with his sentence for burglary; and in cause number DC 95-278, his sentence was two years.  All sentences in the three separate causes were to run consecutively with each other.

¶9     Ranta applied for sentence review before the Sentence Review Division in all three cases, and subsequently appeared at a hearing before the review division on March 8, 1996, seeking reductions in the sentences.  At that hearing, the State was represented by the deputy county attorney for Yellowstone County.  Ranta, however, who had previously been determined indigent by the District Court, did not have the assistance of counsel.  The

review division did not inform him that he had a right to be represented by counsel and did not appoint counsel to represent him at the hearing. Instead, it advised him that by appearing at the hearing without retained counsel, he waived any right to an attorney. The review division also advised him that it had the authority to affirm, reduce, or increase his sentences.

¶10 Subsequently, the review division affirmed the sentences imposed in cause numbers DC 94-639 and DC 94-543, and amended the judgment in DC 95-278 by increasing Ranta's sentence from two years to ten years, to run consecutive to the sentences imposed in the other cases.

JURISDICTION

¶11 Ranta has challenged the decisions of the Sentence Review Division on constitutional grounds by filing a petition for post-conviction relief pursuant to § 46-21-101, MCA. In State v. Torres (1996), 277 Mont. 514, 516, 922 P.2d 1180, 1181, this Court held that a petition for post-conviction relief pursuant to § 46-21-101, MCA, or a petition for other extraordinary writ was the proper procedural mechanism for challenging a decision of the Sentence Review Division. Our conclusion that a petition for post-conviction relief was an appropriate mechanism was based in part upon the language of the post-conviction relief statute which provided that in certain circumstances a person could "petition the court that imposed the sentence or the supreme court to vacate, set aside, or correct the sentence. . . ." Section 46-21-101(1), MCA (1995). However, that provision of the post-conviction relief statute was amended, effective April 24, 1997. The amendments deleted all provisions that allowed a person to file such a petition directly with this Court. Section 46-21-101(1) MCA (1997). Thus, Torres is no longer controlling to the extent that it holds that filing a petition for post-conviction relief with this Court is a proper mechanism by which to challenge a decision of the Sentence Review Division.

¶12 The proper basis on which this Court is now authorized to address Ranta's request is solely through a petition for extraordinary relief. Because the Sentence Review Division functions as an arm of this Court, this Court has the supervisory authority to ensure that it complies with statutes and rules governing its operations as well as the Montana Constitution and the United States Constitution. Section 46-18-901(1), MCA; Art. VII, Sec. 2, Mont.Const. Additionally, Rule 17(a), M.R.App.P., codifies this Court's power to "hear and determine such original and remedial writs as may be necessary or proper to the complete exercise of its jurisdiction." It is on that basis that we are authorized to review the decision of the Sentence Review Division. We thus accept Ranta's petition for post-conviction relief as a petition for extraordinary relief pursuant to Rule 17, M.R.App.P. His petition is not being considered as a petition for post-conviction relief.

DISCUSSION

¶13 Was Ranta denied his right to counsel in violation of Article II, Section 24 of the Montana Constitution and the Sixth and Fourteenth Amendments to the United States Constitution when the Sentence Review Division failed to appoint counsel to represent him during the sentence review process?

¶14 When a defendant files an application for review of his sentence before the review division, the review division has the power to affirm, reduce, or increase the sentence originally imposed by the district court. Specifically, § 46-18-904 (1), MCA, states:

> [T]he review division shall review the judgment so far as it relates to the sentence imposed, either increasing or decreasing the penalty, and any other sentence imposed on the person at the same time and may order such different sentence or sentences to be imposed as could have been imposed at the time of the imposition of the sentence under review or may decide that the sentence under review should stand.

¶15 During the review process, however, the review division will not appoint counsel to represent indigent defendants. Rule 14 of the Sentence Review Division Rules, which was recently amended effective January 1, 1995, provides in part:

> The defendant is not entitled to counsel at the expense of the State of Montana. . . . BY REQUESTING A REVIEW OF HIS OR HER SENTENCE BY THE SENTENCE REVIEW DIVISION, AND PROCEEDING WITHOUT AN ATTORNEY, THE DEFENDANT WAIVES THE RIGHT TO BE REPRESENTED BY AN ATTORNEY, AND HIS OR HER SENTENCE MAY BE INCREASED, DECREASED, OR LEFT UNCHANGED BY THE DIVISION.

(Emphasis in original.)

¶16 Ranta appeared at the hearing before the review division, without the assistance of counsel. He contends that he was constitutionally entitled to representation of counsel during the review process because (1) he faced the potential for an increase in sentence, and (2) the lack of counsel to present his case on his behalf prejudiced his attempt to move the review division's discretion to reduce the sentence. Regardless of which way the issue is analyzed, Ranta argues that potential substantial prejudice was present in the absence of counsel.

¶17 The Sixth Amendment to the United States Constitution and Article II, Section 24 of the Montana Constitution guarantee a criminal defendant the right to counsel in criminal proceedings. This right to counsel arises at every critical stage of the proceedings against him. United States v. Wadsworth (9th Cir. 1987), 830 F.2d 1500, 1510 (citation omitted); State v. Finley (1996), 276 Mont.126, 144, 915 P.2d 208, 220. Pursuant to Montana's constitution, this Court has defined a "critical stage" as "'any step of the proceeding where there is potential for substantial prejudice to the defendant.'" Finley, 276 Mont. at 144-45, 915 P.2d at 220 (citing State v. Robbins (1985), 218 Mont. 107, 111, 708 P.2d 227, 231). In Robbins, we stated that a defendant may question the court's failure to appoint counsel "where potential substantial prejudice inheres in the absence of counsel." Robbins, 218 Mont. at 111, 708 P.2d at 230 (citations omitted).

¶18 This Court has not yet addressed whether sentence review is a critical

stage of the proceedings.  However, the United States Supreme Court has held that the original sentencing itself is a "critical stage" (Townsend v. Burke (1948), 334 U.S. 736, 740-41, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690, 1693-94), and other state courts have concluded that like the original sentencing, sentence review is also a critical stage.  For example, in Consiglio v. Warden, State Prison (Conn. 1966), 220 A.2d 269, 272, the Connecticut Supreme Court held that a hearing before the sentence review division, like the original imposition of sentence, constitutes a critical stage of the proceedings.  Just as in Montana, a criminal defendant in Connecticut may apply for a sentence review by the review division.  Upon application, the review division is empowered to affirm, reduce, or increase the original sentence.  Consiglio, 220 A.2d at 271.  The Connecticut Supreme Court likened the process to a limited appeal, but concluded that the entire procedure was sufficiently a part of the original trial, such that the defendant was entitled under the federal constitution to "'the guiding hand of counsel'" at that hearing.  Consiglio, 220 A.2d at 272 (citing Powell v. State of Alabama, 287 U.S. 45, 69, 53 S.Ct. 55, 77 L.Ed. 158) and n. 1.

¶19  It is of particular significance that in 1967, after the Connecticut Supreme Court had decided the Consiglio case,  the Montana State Legislature adopted our sentence review statute from the General Statutes of Connecticut, §§ 51-194 to 51-196.  See Commission Comments to Mont. Code Ann. §§ 46-18-901 to 904.  In State v. Wilson (1977), 174 Mont. 195, 199, 569 P.2d 922, 924, we stated:

> Montana follows the rule of statutory construction where, in
> borrowing a statute from another state, the legislature borrows
> the construction placed upon it by the highest court of the state
> from which it is borrowed.  While this Court will consider the
> construction placed on the borrowed statute, such construction
> is not binding upon this Court.

(Internal citations omitted); State v. Murphy (1977), 174 Mont. 307, 311, 570 P.2d 1103, 1105 (same).  Although the Connecticut Supreme Court was not engaging in statutory construction in Consiglio, but was instead interpreting whether sentence review was a critical stage pursuant to the United States Constitution, we nonetheless find Consiglio to be particularly persuasive.

¶20  Other state courts have similarly concluded that sentence review is a critical stage of the proceedings against a defendant.   In Petition of Croteau (Mass. 1968), 234 N.E.2d 737, Croteau had appealed his sentence to the Appellate Division of the Superior Court for the review of sentences, whose jurisdiction was limited solely to reviewing sentences imposed.  Like Montana's review division, that body was empowered to affirm, reduce, or increase the sentence.  Croteau, 234 N.E.2d at 738.  After a hearing at which Croteau was without counsel, the review division increased his sentence.  Croteau, 234 N.E.2d at 738.  Like the Consiglio court, the Massachusetts Supreme Judicial Court concluded that pursuant to the Sixth Amendment to the United States Constitution, the review of sentences is a critical stage of the proceedings at which the defendant must be afforded the assistance of counsel, notwithstanding the fact that an appeal for sentence review is optional.  Croteau, 234 N.E.2d at 738.  The defendant is entitled to counsel to assist him both in deciding whether to appeal and in appearing and presenting his case to the division.  Gavin v. Commonwealth (Mass. 1975), 327 N.E.2d 707, 708.

Because Croteau was denied his right, he was entitled to be returned to the position he was in before he filed his appeal. Croteau, 234 N.E.2d at 738-39.

¶21 The Supreme Judicial Court of Maine has taken a similar position. The Maine statute also has a system of sentence review that is similar to the procedure followed in Massachusetts, Connecticut and thus Montana. See Stack v. State (Me. 1985), 492 A.2d 599, 601-02 (noting that the Maine and Connecticut statutes were patterned after the Massachusetts sentence review procedure). The court stated:

> We agree with the view adopted in Massachusetts and Connecticut that a criminal defendant is entitled to the assistance of counsel throughout the sentence review procedure, including the time when an appeal of sentence is to be filed. . . . [W]e conclude that sentence review before the Appellate Division, like the original sentencing itself, is a critical stage of a criminal proceeding, and a defendant is therefore constitutionally entitled to counsel . . . in filing an appeal to that body.

Stack, 492 A.2d at 602.

¶22 Although the foregoing cases were analyzed under the United States Constitution, we find them persuasive in analyzing the issue under our own state constitution. We agree with the view that sentence review is a critical stage of the proceedings against a defendant. Like the original sentencing itself, the potential substantial prejudice at the sentence review is not only present, but is enormous. Indeed, in at least one case before Montana's Sentence Review Division, the dissenting district court judge presiding on the review division wanted the review division to consider imposing the death penalty for the defendant. See State v. Heit (S.R.D. 1993), 263 Mont. 46, 46 (J. Warner, dissenting)("Judge Warner would have seriously considered the death penalty for this Defendant.") If facing the potential for further loss of liberty or even one's life does not constitute potential substantial prejudice, it would be difficult to ever find a circumstance that constitutes a critical stage of the proceedings pursuant to the Montana State Constitution.

¶23 The State does not dispute that the sentence review process is "critical" or that the potential for further loss of liberty constitutes potential substantial prejudice. What it does dispute is whether the Sixth Amendment to the United States Constitution and Article II, Section 24 of the Montana Constitution is the proper framework for analyzing this issue. Citing Douglas v. California (1963), 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, and Ross v. Moffitt (1974), 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341, it argues that the right to counsel guaranteed by the Sixth Amendment and Montana's counterpart attach only to critical stages of a "criminal prosecution," which ends at sentencing. It maintains that post-trial proceedings such as a sentence review are not part of the prosecution. It distinguishes Consiglio on the basis that according to the procedure in Connecticut, the review division may substitute its discretion for the discretion of the trial court in imposing a sentence, and in effect conducts a de novo hearing. Consiglio, 220 A.2d at 272. In contrast, the review division under Montana's procedure may not substitute its discretion for the district court's. Instead, the sentence imposed by the district court is presumed correct, and the review division will not modify it unless

it is clearly inadequate or excessive.  Section 46-18-904(3), MCA, and Rule 17, Sentence Review Division Rules.  The State reasons that the process in Consiglio is thus a part of the original sentencing procedure and criminal prosecution to which the Sixth Amendment attaches while the process in Montana more closely resembles an appeal.

¶24  Because it reasons that Montana's sentence review is an appellate process and is not a part of the "criminal prosecution," the State argues that Ranta's claim to a right to counsel should be analyzed solely pursuant to the due process clauses of Article II, Section 17 of the Montana Constitution and the Fourteenth Amendment to the United States Constitution and pursuant to the equal protection clause of the Fourteenth Amendment to the United States Constitution, which are the second and third issues Ranta raises.  When conducting an analysis pursuant to that constitutional framework, the relevant question is not whether sentence review is a "critical stage," but instead is whether an application for sentence review constitutes a first appeal granted as a matter of right or whether the sentence review proceeding may result in a significant loss of liberty such that under the particularized facts, the State must provide counsel to ensure effectiveness of the hearing rights guaranteed by due process.   See generally, Douglas v. California (1963), 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811; Ross v. Moffitt (1974), 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341; Evitts v. Lucey (1985), 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821; Gagnon v. Scarpelli (1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656.

¶25  Even were we to accept the State's analysis insofar as it pertains to the federal constitution, we have repeatedly emphasized that where constitutional provisions are at issue, we refuse to "march lock-step" with the United States Supreme Court, even where the applicable state constitutional provisions are nearly identical to the United States Constitution.  State v. Johnson (1986), 221 Mont. 503, 512, 719 P.2d 1248, 1254-55 (holding that the right to counsel afforded by Article II, Section 24 of Montana's constitution is broader than the right afforded by the Fifth Amendment to the federal constitution).  This Court has not established any bright line in the sequence of the proceedings against a criminal defendant to which the right to counsel guaranteed by Article II, Section 24 of the Montana Constitution attaches.  Instead, this Court has focused on the potential implication or result that any proceeding has against the defendant.  We have held that right to counsel attaches at any "critical stage," which is defined solely as "'any step of the proceeding where there is potential for substantial prejudice to the defendant.'" Finley, 276 Mont. at 144-45, 915 P.2d at 220 (citing Robbins, 708 P.2d at 231).  As we have elaborated and the State does not dispute, the potential for an increase in sentence constitutes a "potential for substantial prejudice."   We thus conclude that sentence review is a critical stage of the proceedings.

¶26  We do not agree with the State's analysis in any event.  The State is correct in noting that in Douglas and Ross, the United States Supreme Court analyzed an indigent defendant's right to counsel on appeal from a conviction pursuant to the due process and equal protection clauses of the Fourteenth Amendment, rather than pursuant to the Sixth Amendment.  Douglas, 372 U.S. at 357-58, 83 S.Ct. at 816-17, 9 L.Ed.2d at 814-15 (holding that pursuant to the equal protection clause, an indigent defendant is entitled to counsel on his

first appeal provided as a matter of right); Ross, 417 U.S. at 610, 612, 94 S.Ct. at 2443, 2445, 41 L.Ed.2d at 351, 352 (holding that neither the equal protection clause nor the due process clause required the appointment of counsel to an indigent defendant for discretionary state appeals and for application for review in the Supreme Court.) In Ross, the Supreme Court stated that "significant differences" existed between the trial stage of a criminal proceeding, to which the indigent's right to counsel is fundamental and binding by virtue of the Sixth and Fourteenth Amendments, and the appellate stage. Ross, 417 U.S. at 610, 94 S.Ct. at 2443-44, 41 L.Ed.2d at 351. At the trial stage, the defendant's attorney acts as a shield to protect him against the State, whereas on appeal, the attorney acts as a sword to upset the determination of guilt. Ross, 417 U.S. at 610-11, 94 S.Ct at 2444, 41 L.Ed.2d at 351. The Supreme Court's analysis in those cases suggests that an appeal from a conviction is not part of the criminal prosecution to which the Sixth Amendment right to counsel attaches.

¶27 However, sentence review procedure is unique. It does not fit neatly into the category of either only an appeal or only a part of the sentencing procedure. Instead, it has aspects of both. It functions as an appellate process because it is the only opportunity a criminal defendant has to challenge an otherwise lawful sentence on equitable grounds. See State v. Simtob (1969), 154 Mont. 286, 288, 462 P.2d 873, 874. In conducting its review, the Sentence Review Division functions as an arm of this Court. Section 46-18-901, MCA. Were the legislature to abolish the review division, the function of reviewing sentences on equitable grounds would thus simply return to this Court. Additionally, like decisions issued directly by this Court, the decisions of the review division are final, cannot be appealed, and are reported in the Montana Reports. Section 46-18-905, MCA. Finally, an attorney appearing before the review division acts as sword in presenting the defendant's case, telling his story, and seeking a reduction of a sentence.

¶28 On the other hand, the sentence review process also has aspects that liken it to the sentencing procedure conducted by the district court. It has the authority to impose any sentence that "could have been imposed" by the district court in the first instance, including increasing the sentence, a power that even this Court does not have on appellate review. Section 46-18-904(1), MCA. Moreover, in conducting its review, the review division is not limited to reviewing only those documents that were on record before the district court. Rather, it can "require the production of presentence reports and any other records, documents or exhibits relevant to such review proceedings." Section 46-18-904(2), MCA (emphasis added). The very fact that the review division is empowered to set a sentence likens it to the sentencing procedure to which the Sixth Amendment right to counsel attaches. See, e.g., Mempa v. Rhay (1967), 389 U.S. 128, 135-37, 88 S.Ct. 254, 257-58, 19 L.Ed.2d 336, 341-42 (Sixth Amendment right to counsel attached to post-trial probation revocation proceeding where the court also set sentencing).

¶29 Additionally, the emphasis that the State has placed upon the distinction between the sentence review process addressed in the Consiglio decision and the process used in Montana is misplaced. The only difference is the standard of review: the review division in Connecticut conducts a de novo standard of review, whereas the review division in Montana presumes that the sentence

imposed by the district court is correct. However, the review procedure followed in Montana is similar to that used in Connecticut in that it does not act simply as a reviewing body. It also has the power to impose any sentence that "could have been imposed" by the district court in the first instance, including increasing the sentence. Section 46-18-904(1), MCA. Thus, to the extent the review division has the power to impose any sentence that could have been imposed by the district court, including increasing sentences, we conclude, like the Consiglio court, that sentence review is sufficiently a part of the sentencing procedure to render it a critical stage of the proceedings.

¶30 The State next insists that the right to counsel should be afforded only at the initial stages of the sentence review procedure to assist the defendant in deciding whether or not to file an application for review. Again, we disagree. Counsel is necessary to marshal the facts, introduce evidence of any mitigating circumstances, and fend off the efforts of the State seeking to affirm or even increase the sentence. Counsel can also develop legal arguments which the review division may rectify by an equitable remedy. See, e.g., State v. Hammer (S.R.D. 1991), 251 Mont. 44 (dropping sentence for persistent felon because it was incorrectly calculated); State v. Gardipee (S.R.D. 1990), 246 Mont. 36 (dropping dangerous designation because it was an ex post facto application of statute). In general, the assistance of counsel is necessary to aid and assist the defendant in presenting his case during all stages of the review process.

¶31 Finally, Ranta argues that his appearance at the hearing before the review division did not constitute a valid waiver of his right to his attorney, despite the fact that the review division informed him that pursuant to Rule 14 of the Sentence Review Division Rules, his very appearance did, in fact, constitute such a waiver. At oral argument, the State conceded that it was not taking the position that Ranta had waived his constitutional rights. It is well-settled that a criminal defendant may waive the right to counsel, only when the court ascertains that the waiver is made knowingly, voluntarily, and intelligently. Section 46-8-102, MCA; State v. Craig (1995), 274 Mont.140, 151, 906 P.2d 683, 690. No evidence indicates that Ranta's "waiver" by appearing at the hearing was made knowingly, voluntarily or intelligently. Additionally, Ranta could not have waived a right which the review division has insisted he never enjoyed at all. We thus conclude, that Ranta did not waive his constitutional right to be assisted by counsel.

¶32 We hold that Ranta was denied his constitutional right to counsel in violation of Article II, Section 24 of the Montana Constitution during the sentence review procedure, and that as a result he suffered substantial prejudice. To the extent that Rule 14 of the Sentence Review Division states that an indigent criminal defendant does not have the right to the assistance of appointed counsel, that rule is thus unconstitutional. At this time we need not decide whether the appeal to the review division constitutes a first appeal provided as a matter of right or whether the due process or equal protection clauses also guarantee criminal defendants the right to counsel during the review process. We additionally need not decide whether Rule 14 of the Rules of the Sentence Review Division is authorized by its enabling legislation.

¶33 In future cases, it is the duty of the review division to inform a

defendant of the right to have counsel represent him both in deciding whether to file an application for review and in appearing and presenting his case to the review division.

¶34  IT IS HEREBY ORDERED:

¶35  1.    Ranta's petition for post-conviction relief is accepted as a petition for extraordinary relief pursuant to Rule 17, M.R.App.P.

¶36  2.    The decisions and judgments of the Sentence Review Division in cause numbers DC 94-639, DC 94-543, and DC 95-278 are vacated.

¶37  3.    The original sentences in the above-referenced cause numbers are reinstated.

¶38  4.    The Clerk is directed to mail a copy of this order to Ranta personally, to all counsel of record, and to the Yellowstone County Attorney.

¶39  DATED this 30th day of April, 1998.


/S/  WILLIAM E. HUNT, SR.


We Concur:

/S/  J. A.  TURNAGE
/S/  KARLA M. GRAY
/S/  JIM REGNIER
/S/  JAMES C. NELSON
/S/  W. WILLIAM LEAPHART
/S/  TERRY N. TRIEWEILER