No. 99-691

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 142

300 Mont. 35

3 P. 3d 608

STATE OF MONTANA, ex rel.,

GEORGE HAROLD HOLT,

Petitioner,

v.

DISTRICT COURT OF THE TWENTY-FIRST

JUDICIAL DISTRICT COURT OF THE STATE

OF MONTANA, COUNTY OF RAVALLI, THE

HONORABLE JEFFREY H. LANGTON, Presiding,

and SENTENCE REVIEW DIVISION OF THE

SUPREME COURT OF MONTANA, THE

HONORABLE RICHARD G. PHILLIPS, Chairman,

Respondents.

ORIGINAL PROCEEDING:   Supervisory Control

COUNSEL OF RECORD:

For Petitioner:

David E. Stenerson, Attorney at Law, Hamilton, Montana

For Respondents:

Hon. Joseph P. Mazurek, Attorney General; Cregg W. Coughlin,

Assistant Attorney General; Helena, Montana

_____

Submitted: February 29, 2000

Decided: May 30, 2000

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Petitioner George Harold Holt (Holt) has made an application to this Court for a Writ of Supervisory Control to reverse the Sentence Review Division's Order denying review of Holt's sentence on the basis that his sentence was suspended and he was not incarcerated. We grant the petition for supervisory control and accept jurisdiction pursuant to Article VII, Section 2(2) of the Montana Constitution and Rule 17(a), M.R.App.P. *See* Ranta v. State, 1998 MT 95, ¶ 12, 288 Mont. 391, ¶ 12, 958 P.2d 670, ¶ 12 ("Because the Sentence Review Division functions as an arm of this Court, this Court has the supervisory authority to ensure that it complies with statutes and rules governing its operations as well as the Montana Constitution and the United States Constitution."). We hold that the Sentence Review Division correctly determined that a person must be incarcerated to be eligible for sentence review and that this interpretation does not violate the due process or equal protection clauses of the United States and Montana Constitutions.

## Issue

¶2 Did the Sentence Review Division properly interpret § 46-18-903(1), MCA, as excluding Holt from eligibility for sentence review because his sentence is suspended and he is not incarcerated in the state prison?

## Background

¶3 Holt pled guilty to the felony offense of sexual assault, in violation of § 45-5-502, MCA, pursuant to a plea agreement. On September 29, 1999, Holt received a ten-year suspended sentence. On October 13, 1999, Holt moved the District Court for a transcript of the sentencing hearing "for purposes of Sentence Review." The court initially granted the request, but later stayed its order pending its determination of necessity for the transcript. In a letter to Holt's counsel, the court stated, "it has occurred to me that Mr. Holt has no right to such review by the Sentence Review Division since he has not been sentenced to prison or the D.O.C., but rather received a probationary sentence." Holt filed an application for sentence review on November 1, 1999. The Sentence Review Division denied his application, determining that Holt did not qualify for sentence review because "his sentence was suspended in its entirety and it involved no actual incarceration."

## Discussion

¶4 Did the Sentence Review Division properly interpret § 46-18-903(1), MCA, as excluding Holt from eligibility for sentence review because his sentence is suspended and he is not incarcerated in the state prison?

¶5 Holt argues that § 46-18-903(1), MCA, does not require that he be incarcerated to be eligible for sentence review. He argues that the Sentence Review Division misinterpreted § 46-18-901(1), MCA, and applicable rules in denying him sentence review because he was not incarcerated. Holt argues that if the Division's interpretation is correct, the sentence review statutes violate the due process and equal protection clauses of the Montana and the United States Constitutions.

¶6 The Sentence Review Division is an arm of the Montana Supreme Court, consisting of three district court judges. Section 46-18-901(1), MCA. The legislature granted the Sentence Review Division authority to adopt "any rules which will expedite its review of sentences." Section 46-18-901(4), MCA. Pursuant to § 46-18-903(1), MCA,

> Any person sentenced to a term of 1 year or more in the state prison by any court of competent jurisdiction may within 60 days from the date such sentence was imposed . . . file with the clerk of the district court in the county in which judgment was rendered an application for review of the sentence by the review division.

The Sentence Review Division, in denying Holt's application for sentence review, found that under § 46-18-903(1), MCA, "sentence review is applicable only to defendants sentenced to a prison term (or other type of D.O.C. commitment) whereby the defendant is actually taken into custody."

¶7 Under the rules of statutory construction, we consider the following factors:

> (1) Is the interpretation consistent with the statute as a whole? (2) Does the interpretation reflect the intent of the legislature considering the plain language of the statute? (3) Is the interpretation reasonable so as to avoid absurd results? (4) Has an agency charged with the administration of the statute placed a construction on the statute?

Montana Power Co. v. Cremer (1979), 182 Mont. 277, 280, 596 P.2d 483, 485 (citations omitted). The Sentence Review Division's interpretation of § 46-18-903(1), MCA, as excluding a person who is not incarcerated from sentence review, comports with Montana's rules of statutory construction: the interpretation is consistent with the sentence review statutes as a whole, reflects the intent of the legislature, avoids absurd or unduly harsh results, and is entitled to deference because the Sentence Review Division is charged with the administration of the sentence review statutes.

¶8 The sentence review statutes, considered as a whole, support the Sentence Review Division's interpretation and reveal the intent of the legislature that sentence review was only intended for persons who are actually incarcerated. Section 46-18-901(2), MCA, mandates that the Division hold its meetings at Deer Lodge, the site of the Montana State Prison. (Rule 12 of Rules of the Sentence Review Division also includes the Women's Correctional Center or another convenient place to hold the Sentence Review Division's meetings.) Section 46-18-905(1), MCA, regarding the finality of the Sentence Review Division's decisions, requires that a copy of the Division's decisions be mailed to, among others, the "principal officer of the institution in which [the person sentenced] is confined." Finally, Rule 16 of the Rules of the Sentence Review Division states that in reviewing sentences, "the Sentence Review Division shall consider whether the offender

could have been dealt with adequately by . . . suspended sentence . . . ." In combination, the foregoing statutes and rules evidence the intent of the legislature and support the interpretation of the Sentence Review Division that sentence review is not available to persons whose sentences are wholly suspended and who are not incarcerated.

¶9 Section 46-18-903(1), MCA, allows for the filing of an application for sentence review within 60 days from the date sentence was imposed. This statute does not lend itself to an interpretation whereby a defendant could seek sentence review twice-upon the initial suspended sentence and again upon revocation of the suspension. If we hold with Holt that a defendant can seek review of the initial judgment of suspended sentence, defendants whose suspended sentences are subsequently revoked beyond the 60 days, would be time-barred from applying for sentence review. Certainly, the sentence upon revocation is the more deserving of review. The Sentence Review Division's interpretation of § 46-18-903 (1), MCA, avoids such an absurd and unduly harsh result by excluding wholly suspended sentences from review. Rather, the more logical interpretation is that a defendant, upon revocation of suspension, has 60 days to seek review of his or her sentence.

¶10 The Sentence Review Division's interpretation of § 46-18-903(1), MCA, is entitled to deference and respect because the Division is charged by the legislature with the administration of Montana's sentence review statutes. *See* State v. Midland Materials Co. (1983), 204 Mont. 65, 70, 622 P.2d 1322, 1325 (citations omitted). We hold that the Sentence Review Division's interpretation of § 46-19-903(1), MCA, is correct and is consistent with the rules of statutory construction.

¶11 Holt has further argued that even if the Sentence Review Division's interpretation of § 46-19-903(1), MCA, is correct, such an interpretation violates the due process and equal protection clauses of the United States and Montana Constitutions. We have held that the standard of review for constitutional challenges to legislative enactments is:

> [T]he constitutionality of a legislative enactment is *prima facie* presumed, and every intendment in its favor will be made unless its unconstitutionality appears beyond a reasonable doubt.

State v. Lorash (1989), 238 Mont. 345, 347, 777 P.2d 884, 886 (citation omitted).

¶12 Sentence review is not a constitutional right, but a system the legislature has voluntarily created. As such, there is no due process right to sentence review. It is within

the discretion of the legislature to determine under what circumstances and conditions to allow sentence review. The State's discretion in this matter is not subject to due process concerns unless "'it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked fundamental.'" Montana v. Egelhoff (1996), 518 U.S. 37, 43, 116 S.Ct. 2013, 2017, 135 L.Ed.2d 361, 368 (quoting Patterson v. New York (1977), 432 U.S. 197, 201-02). Because sentence review is a statutory right of relatively recent origin, the due process clauses of the United States and Montana Constitutions do not demand that sentence review be available at all and do not limit the legislature's restriction of sentence review to those defendants who are actually incarcerated.

¶13 Holt also argues that granting the right to sentence review only to those felons who are actually incarcerated and not to those with wholly suspended sentences violates the equal protection clauses of the United States and Montana Constitutions. The first prerequisite to a meritorious equal protection claim is identifying the classes involved and determining whether they are similarly situated. *See* Matter of S.L.M. (1997), 287 Mont. 23, 32, 951 P.2d 1365, 1371. Holt's equal protection claim fails because he-a felon with a wholly suspended sentence-is not similarly situated to those felons who are incarcerated. In State v. Renee, 1999 MT 135, 294 Mont. 527, 983 P.2d 893, we held that misdemeanor and felony offenders are not similarly situated for equal protection purposes and that it was not a denial of equal protection to deny misdemeanor offenders sentence review. *Renee*, ¶ 38. While Holt's suspended sentence subjects him to some loss of liberty, he is not similarly situated to those felons who are actually incarcerated. We hold, accordingly, that there is no merit to Holt's equal protection challenge.

¶14 Holt's petition for writ of supervisory control is GRANTED and we order that Holt's request to reverse the Sentence Review Division's Order denying review of his sentence is DENIED.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

## /S/ KARLA M. GRAY

## /S/ JAMES C. NELSON

Justice Terry N. Trieweiler dissenting.

¶15 I dissent from the majority's opinion and order, I would reverse the Sentence Review Division's order denying review of the sentence imposed by the District Court on the Defendant, George Harold Holt.

¶16 The majority opinion sets forth various guidelines for interpreting statutes and then applies those guidelines to its interpretation of § 45-18-903(1), MCA. However, the majority has ignored the primary rule of statutory application which requires that when statutory language is plain on its face, it must be applied as written and extraneous aids to interpretation are irrelevant.

¶17 In *Gulbrandson v. Carey* (1995), 272 Mont. 494, 500, 901 P.2d 573, 577, we said:

> Our function in construing and applying statutes is to effectuate the legislature's intent. *United States v. Brooks* (1995), 270 Mont. 136, 138-40, 890 P.2d 759, 761. To determine legislative intent, we first look to the plain meaning of the words used in the statute. *Stansbury v. Lin* (1993), 257 Mont. 245, 249, 848 P.2d 509, 511. If the legislature's intent can be determined by the plain language of the words used, we may not go further and apply other means of interpretation. *Prairie County Co-op State Grazing District v. Kalfell Ranch, Inc.* (1994), 269 Mont. 117, 124-25, 887 P.2d 241, 246

Furthermore, § 1-2-101, MCA, provides in part:

> In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted.

> ¶18 In this case, the majority has relied on extraneous aids to interpret a statute which is plain on its face and needs no interpretation. In the process, the majority has ignored the plain terms and substance of the statute and instead added a provision which was not included by the legislature

¶19 Section 46-18-903(1), MCA provides in relevant part that:

> Any person sentenced to a term of 1 year or more in the state prison by any court of competent jurisdiction may within 60 days from the date such sentence was imposed, . . . file with the clerk of the district court in the county in which judgment was rendered an application for review of the sentence by the review division.

George Harold Holt was sentenced to a term of "1 year or more in the state prison." The District Court judgment specifically provides that:

[T]he Defendant shall be imprisoned in the Montana State Prison at Deer Lodge, Montana, for a period of ten (10) years, said sentence to be suspended on the following conditions:

¶20 Therefore, Holt satisfied the criteria established by the plain terms of § 46-18-903(1), MCA, for sentence review by the Sentence Review Division. However, the majority has added to that language the requirement that an applicant for review be actually incarcerated at the time he or she seeks review. That requirement does not exist in the statute as written.

¶21 In order to avoid the effect of the plain language of the statute, the majority opinion talks about being consistent with the sentence review statutes as a whole, reflecting the intent of the legislature, and avoiding unduly harsh results. However, none of those factors are relevant when statutory language is plain and can be applied as written.

¶22 Furthermore, if the extraneous factors relied on by the majority were relevant, it is the majority opinion which creates absurd or unduly harsh results. In this case, for example, Holt had 24 conditions attached to the suspension of his sentence. The conditions affected his liberty and his property rights. They included taxation of substantial defense costs, restitution to the victim, a requirement that he sell his home and move from his neighborhood, limitations on the personal property he can possess, limitations on the beverages he can consume, requirements that he waive rights to privacy, and a requirement that he post a notice outside his home identifying himself as a sex offender. He is also prohibited from engaging in activities that other adults may freely engage in and his freedom of association is substantially limited. A violation of any condition results in the revocation of the suspension of his sentence and actual incarceration at the state prison for a period of ten years. Holt is now over 84 years of age.

¶23 The primary objective of the Sentence Review Division is to "provide for uniformity in sentencing when appropriate and to ensure that the interest of the public and the defendant are adequately addressed by the sentence." Rule 16, Mont. S. Ct. Sentence Rev. Div. The purpose is just as applicable to a suspended sentence as it is to a sentence being served through incarceration. Defendant has no less interest in the length of a sentence just because it has been suspended. That is especially true where his liberties are substantially curtailed as a condition of and during the entire length of the suspended sentence.

¶24 For these reasons, I dissent from the majority opinion. I would reverse the Sentence Review Division's order which denied review of Holt's sentence.

/S/ TERRY N. TRIEWEILER