

DA 12-0703

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2013 MT 287N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

JOSEPH MICHAEL MORGESON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Seventh Judicial District,
In and For the County of Dawson, Cause No. DC 11-055
Honorable Katherine Bidegaray, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Julie Brown, Montana Legal Justice, PLLC, Missoula, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General; Pamela P. Collins, Assistant
Attorney General, Helena, Montana

          Olivia Norlin-Rieger, Dawson County Attorney; Marvin Howe, Deputy
County Attorney, Glendive, Montana

Submitted on Briefs:  September 4, 2013
Decided:  October 1, 2013

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Joseph Michael Morgeson appeals from an order of the Seventh Judicial District Court, Dawson County, denying his motion to withdraw guilty plea. We affirm.

¶3     The following issues are raised on appeal:

¶4     Whether the District Court erred by denying Morgeson's motion to withdraw his plea.

¶5     Whether the District Court erred in finding that Morgeson's plea was voluntary.

¶6     Whether Morgeson was entitled to assistance of counsel in filing his motion to withdraw guilty plea.

¶7     Morgeson was charged with burglary and felony theft on September 2, 2011. He reached an oral plea agreement with the State under which the burglary charge would be dismissed. At the change of plea hearing on December 22, 2011, defense counsel asked that the agreement be memorialized in the record. It then became apparent that the defense and the State did not have the same understanding of their agreement. The defense believed the agreement was for a joint recommendation of a two year suspended sentence, while the State did not recall agreeing to the two year term. The Court allowed counsel to discuss the agreement outside the courtroom, and then recessed for eight minutes to allow Morgeson to review the agreement with his attorney.

2

¶8     After the recess, the State indicated that it would not oppose the recommendation made by the defense and asked for a provision stating that the Court would not be bound by the agreement. The Court noted the defense's recommendation of a two year suspended sentence. The Court then asked Morgeson if he had the recommendations "clear in [his] mind," to which he replied yes. The Court asked Morgeson if he understood that the Court would not be bound by the agreement. Morgeson replied yes. The Court asked if he understood that he could not withdraw his guilty plea if the Court did not follow the recommendation. Morgeson replied yes. The Court then accepted Morgeson's plea, and the State dismissed the burglary charge as agreed. Morgeson was sentenced to a term of five years, with three years suspended.

¶9     On appeal of the denial of a motion to withdraw guilty plea, this Court reviews findings of underlying fact for clear error and conclusions of law for correctness. *State v. Warclub*, 2005 MT 149, ¶ 24, 327 Mont. 352, 114 P.3d 254. This Court reviews mixed questions of law and fact regarding the voluntariness of a plea de novo. *Warclub*, ¶ 24.

¶10     Morgeson claims that his plea is controlled by § 46-12-211(1)(a), MCA, and therefore, he should have been allowed to withdraw his plea as a matter of right. If the State agrees to dismiss other charges as a component of a plea agreement under § 46-12-211(1)(a), MCA, Morgeson asserts that the defendant has the right to withdraw his plea if the court does not accept the agreement, pursuant to § 46-12-211(4), MCA. By contrast, if the State agrees not to oppose the defendant's request for a particular sentence under § 46-12-211(1)(c), MCA, the defendant specifically does not have the right to withdraw his plea. Section 46-12-211(2), MCA. Morgeson's plea contained both types of agreement, because

3

the State agreed first to dismiss the burglary charge, and second, not to oppose the defendant's request for a two year suspended sentence. Consequently, both provisions apply. Because the provisions of § 46-12-211(1)(c), MCA, apply, the defense recommendation is not binding on the court and Morgeson does not have the right to withdraw his plea.

¶11 Morgeson next argues that he should have been allowed to withdraw his plea for good cause, because it was not voluntary due to the confusion at the change of plea hearing. A guilty plea may be withdrawn for good cause, including involuntariness. Section 46-16-105(2), MCA; *Warclub*, ¶ 16. This Court will not overturn a district court's denial of a motion to withdraw guilty plea if the defendant was aware of the direct consequences of the plea, and the plea was not induced by threats, misrepresentation, or improper promises. *Warclub*, ¶ 32 (citing *Brady v. United States*, 397 U.S. 742, 755, 90 S. Ct. 1463, 1472 (1970)). The record here clearly establishes that Morgeson was aware of the consequences of his plea. After the State had explained its position on the plea agreement and Morgeson had been permitted a recess to confer with counsel, the District Court specifically advised him that the plea was not binding on the Court, the Court was not a party to the agreement, and he was not entitled as a matter of right to withdraw his plea. Morgeson stated that he understood each of these conditions. Following his motion to withdraw his plea, the District Court held that Morgeson was aware of the consequences of his plea and entered his plea knowingly and voluntarily. We affirm.

¶12 Morgeson also claims that he was entitled to the assistance of counsel in preparing his motion to withdraw guilty plea. It is well-settled that the right to counsel does not attach to a

4

motion to withdraw guilty plea, absent potential for substantial prejudice. *State v. Garner*, 2001 MT 222, ¶¶ 43-44, 306 Mont. 462, 36 P.3d 346. Substantial prejudice exists where the defendant may face further loss of liberty or an increased sentence. *Ranta v. State*, 1998 MT 95, ¶ 25, 288 Mont. 391, 958 P.2d 670. Morgeson admits that he did not face such an outcome. Morgeson was not entitled to assistance of counsel in preparing his motion to withdraw plea.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

¶14 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ BETH BAKER
/S/ JIM RICE
/S/ LAURIE McKINNON
/S/ PATRICIA COTTER

5