OP 14-0058

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 266

_____

RUSSELL SCOTT AVERY,

      Petitioner,

   v.

MIKE BATISTA, Director of Montana
Department of Corrections, ROSS SWANSON,
Acting Warden of Montana State Prison,
TOM GREEN, Acting Warden of the Dawson
County Correctional, and the SENTENCE
REVIEW DIVISION

      Respondent.

O P I N I O N
A N D
O R D E R

_____

¶1    Russell Scott Avery (Avery) petitions this Court for extraordinary relief. Avery challenges the decision of the Sentence Review Division (Division), increasing his sentence in Cause No. DC 11-496.

¶2    Avery raises the following issues:

¶3    *1. Did the Division err by denying Avery's request to withdraw his application for sentence review after the hearing had concluded?*

¶4    *2. Did Avery receive ineffective assistance of counsel before the Division in violation of Article II, Section 24 of the Montana Constitution?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶5 On May 8, 2012, Avery pled guilty and was convicted of one count of Sexual Intercourse Without Consent in the Fourth Judicial District Court for the County of Missoula. The plea agreement called for the State and Avery to make a joint recommendation for a 30 year sentence to the Montana Department of Corrections, with 25 years suspended.

¶6 At the sentencing hearing, the District Court expressed disagreement with the jointly recommended sentence and explained that it intended to impose a stricter sentence. Defense counsel inquired if the court "might be more comfortable with a 30-year sentence, with 10 of those years suspended." The court stated it would accept that sentence if Avery agreed to it. After defense counsel and Avery conferred, Avery indicated he would accept the suggested sentence. The court, despite indicating it intended to impose the suggested sentence, actually imposed a lesser sentence. The court orally pronounced a sentence of 30 years in the Montana State Prison, with 20 years suspended. The written judgment imposed the same sentence.

¶7 Avery thereafter submitted an application to the Division for sentence review. The written application materials explained the possible consequences of proceeding with sentence review, including an express warning that his sentence could be increased by the Division.

¶8 On August 1, 2013, the Division met to conduct a hearing on Avery's application. Avery appeared and was represented by counsel. Prior to the commencement of the

hearing, the Division warned Avery of the possible consequences, including the possibility that his sentence could be increased. Avery indicated his desire to proceed with the hearing.

¶9 During the hearing, Avery's counsel advocated for a more onerous sentence than the District Court had imposed. Counsel urged the Division to impose a sentence of 30 years, with just 10 years suspended. After the hearing had concluded[1], Avery's counsel requested that the Division reconvene, which it did. At that point, counsel asked that Avery be permitted to withdraw his application, leaving his original sentence of 30 years, with 20 years suspended, "as is." After consideration, the Division declined Avery's request to withdraw his application. The Division ultimately entered an order increasing Avery's sentence to 30 years in the Montana State Prison, with 10 years suspended.

¶10 On October 30, 2013, the District Court resentenced Avery and amended the previous judgment. In accordance with the Division's decision, the District Court resentenced Avery to 30 years in the Montana State Prison, with 10 years suspended.

¶11 On January 6, 2014, Avery, self-represented, filed a petition for habeas corpus with this Court seeking relief from the Division's decision. We issued an order deeming Avery's petition to be one for extraordinary relief. We ordered that counsel be appointed for Avery through the Office of Appellate Defender, that an amended petition and

---

[1] Avery argues the hearing had not actually concluded at the time he asked to withdraw his application. However, the transcripts of the hearing clearly indicate the hearing had ended. Prior to Avery's request, the Division Chairman stated, "All right. If there is nothing further then. I will conclude our hearing. I appreciate your time here. The Sentence Review Division will deliberate on your case and provide you a written decision as soon as we can accomplish that. Hopefully within a few weeks. That will close our hearing and you can be excused."

3

supporting memorandum be filed, followed by the filing of responses by the respondents. Colin M. Stephens was appointed to represent Avery, and he filed an amended petition and memorandum. Responses were filed by the State of Montana and the Division.

## JURISDICTION AND STANDARD OF REVIEW

¶12 The proper basis by which this Court may review a challenge to a decision of the Sentence Review Division is through a petition for extraordinary relief. *Ranta v. State*, 1998 MT 95, ¶ 12, 288 Mont. 391, 958 P.2d 670. "Because the Sentence Review Division functions as an arm of this Court, this Court has the supervisory authority to ensure that it complies with statutes and rules governing its operations as well as the Montana Constitution and the United States Constitution." *Ranta*, ¶ 12 (citing § 46-18-901(1), MCA; Mont. Const. art. VII, § 2).

## DISCUSSION

¶13 *1. Did the Division err by denying Avery's request to withdraw his application for sentence review after the hearing had concluded?*

¶14 This Court has not previously addressed whether a defendant is entitled to withdraw his application for review of his sentence after the Division has conducted a hearing on the application. The Division is a creature of statute and is governed by the scheme set forth in Title 46, chapter 18, part 9, MCA. The Division is an arm of the Montana Supreme Court and is tasked with providing appellate review of legal sentences. *State ex rel. Holt v. Dist. Ct.*, 2000 MT 142, ¶ 6, 300 Mont. 35, 3 P.3d 608.

4

¶15 There are two relevant statutes that address a defendant's application for sentence review: § 46-18-903 and § 46-18-904, MCA. Section 46-18-903(1), MCA, affords a defendant the discretion to institute sentence review, providing "[a] person sentenced to a term of 1 year or more . . . *may* within 60 days from the date the sentence was imposed . . . file . . . an application for review of the sentence." (Emphasis added.) Section 46-18-904, MCA, states in pertinent part that "[i]n each case in which an application for review is filed in accordance with 46-18-903, the review division: (a) (i) *shall* review the judgment . . . ." (Emphasis added.) The statutes do not directly address to what extent a defendant maintains discretion to withdraw from the process after filing the application in accordance with § 46-18-903, MCA.

¶16 Avery argues that a defendant has the ability to "withdraw from the process at any time before the [Division] renders a final decision." Avery offers that because the statutory scheme does not expressly "forbid the withdrawal of an applicant's request" and "[b]ecause the initiation of sentence review is solely within the discretion of an applicant, so too should the withdrawal from the process." Avery supports his argument by reasoning that sentence review is designed primarily for the benefit of the defendant.

¶17 Acknowledging that the statutory scheme does not expressly prohibit an applicant from withdrawing his application, the Division argues that it does not expressly permit withdrawal either. The Division reasons that permitting an applicant to withdraw after a

5

hearing has concluded would give the applicant "a second bite of the apple merely because he became dissatisfied with the course and conduct of his review hearing."[2]

¶18 This Court construes statutes by reading and interpreting them "as a whole, 'without isolating specific terms from the context in which they are used by the Legislature.'" *State v. Triplett*, 2008 MT 360, ¶ 25, 346 Mont. 383, 195 P.3d 819 (quoting *Mont. Sports Shooting Ass'n v. State*, 2008 MT 190, ¶ 11, 344 Mont. 1, 185 P.3d 1003). "Statutory construction is a holistic endeavor and must account for the statute's text, language, structure and object." *Triplett*, ¶ 25 (quotations omitted). We also "read and construe each statute as a whole so as to avoid an absurd result and to give effect to the purpose of the statute." *Triplett*, ¶ 25 (quotations omitted).

¶19 Although Avery correctly states that a purpose of the Division is to protect the interests of the defendant, the Division also exists to protect the interests of the public. The Legislature created the Division "to serve essentially as a safety net for our indiscriminate sentencing system, providing additional protection for both the public and for the individual defendant." *Driver v. Sentence Review Division*, 2010 MT 43, ¶ 18, 355 Mont. 273, 227 P.3d 1018. The Legislature authorized the Division to not only reduce or affirm a defendant's sentence, but also to increase the sentence originally imposed, if appropriate. *Ranta*, ¶ 14 (citing § 46-18-904(1), MCA). Likewise, the rules

---

[2] The State's response addressed the propriety of Avery's request for extraordinary relief in this proceeding, but did not address the merits of Avery's arguments.

6

promulgated by the Division indicate it is "to ensure that the interest of the public and the defendant are adequately addressed by the sentence." Rule 16, Mont. Sent. Rev. Div.

¶20 Avery's interpretation of the statutes could well lead to the absurd result, as argued by the Division, of promoting the practice of applicants proceeding to a hearing in an effort to gauge the receptiveness of the Division, only to withdraw the application post-hearing. The public would bear the brunt of the costs associated with these fruitless hearings, including the cost of legal representation of indigent applicants, who are entitled to counsel at sentence review hearings. *See Ranta*, ¶ 32. Such a result is inconsistent with the Legislature's creation of a system designed to protect both the defendant and the public.

¶21 The Division's interpretation also ensures the interests of a defendant are protected. Defendants retain the discretion of whether to seek review of their sentences. Those believing their sentences are unjust have the choice to seek review, and are apprised of the risks in doing so by an explanation of the possible consequences of the review process. Here, Avery was twice advised of the consequences of proceeding to a hearing before the Division, first, by the express waiver he signed on the application, conspicuously warning him that his sentence could be increased by applying for sentence review;[3] and, second, by the Division's advisory prior to the commencement of the

---

[3] "I consent and agree that by making this application for review, my sentence may be increased, decreased, affirmed without change, or otherwise modified, and there is no appeal from the decision herein to be made."

hearing.[4]   Avery thereafter consented to the proceeding and cannot now be heard to complain.

¶22   The Division's statutory construction properly advances the purposes of the statutory scheme and appropriately balances the interests of the public and the defendant. We hold the Division properly denied Avery's request to withdraw his application for sentence review after the hearing had concluded.

¶23   *2.  Did Avery receive ineffective assistance of counsel before the Division in violation of Article II, Section 24 of the Montana Constitution?*

¶24   Article II, Section 24 of the Montana Constitution guarantees a criminal defendant the right to counsel in criminal proceedings.  This right attaches at every critical stage of the proceedings against the defendant. *Ranta*, ¶ 17.  "[S]entence review is a critical stage of the proceedings against a defendant." *Ranta*, ¶ 22.  Accordingly, a criminal defendant has a constitutional right to counsel at sentence review. *Ranta*, ¶ 22.

¶25   It is "self-evident that the right to counsel carries with it a concomitant requirement that such counsel be effective." *In re A.S.*, 2004 MT 62, ¶ 20, 320 Mont. 268, 87 P.3d 408.  Absent effective assistance of counsel, the right to counsel is "nothing more than a procedural formality." *In re A.S.*, ¶ 20.  Therefore, a criminal defendant has the right to effective assistance of counsel at a sentence review hearing.

---

[4]  "The Division has the authority to review your sentence, to increase it if necessary, to reduce it if necessary, or leave it the same. . . .  Do you want to proceed?"

¶26 We apply the two-prong test announced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), for deciding ineffective assistance of counsel claims. *Dawson v. State*, 2000 MT 219, ¶ 20, 301 Mont. 135, 10 P.3d 49. *Strickland's* two-prong test requires that the defendant show: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defendant. *Dawson*, ¶ 20.

**A. Deficient Performance**

¶27 Under the first prong of the *Strickland* test, the Court must determine the reasonableness of counsel's challenged conduct. *Whitlow v. State*, 2008 MT 140, ¶ 16, 343 Mont. 90, 183 P.3d 861. The Court must examine "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Whitlow*, ¶ 16 (quotations omitted).

¶28 Avery alleges he received ineffective assistance of counsel because his counsel advocated for a *more onerous sentence* than was originally imposed by the District Court. At the commencement of the sentence review hearing, Avery's counsel stated, "[w]e think, as a matter of equity, this sentence should be changed to what the court said it would initially do, which is 30 years to Montana State Prison, with 10 suspended." Avery's counsel repeated his argument during the hearing, stating, "we certainly believe that he's entitled to what [the district court] initially said he would give him."

¶29 Of course, the sentence the District Court had originally imposed upon Avery was 30 years, with 20 years suspended, not 10 years suspended. Counsel was essentially

9

arguing for an additional 10 years of prison time for Avery.[5] While there may have been reason for some confusion in the history of the case, there is no plausible justification for counsel's conduct under these circumstances. Counsel's statements contravened the purpose of Avery's application, for which he had accepted the risk involved in proceeding before the Division. Counsel's statements cannot be considered a trial strategy or tactical decision under the circumstances. We conclude that counsel's conduct was outside the wide range of professionally competent assistance and the first prong of the *Strickland* test is satisfied.

### B. Prejudice

¶30 The second prong of the *Strickland* test requires the defendant "demonstrate the existence of a reasonable probability that, but for counsel's unprofessional conduct, the result of the proceedings would have been different." *State v. Jefferson*, 2003 MT 90, ¶ 53, 315 Mont. 146, 69 P.3d 641. The prejudice inquiry focuses on whether counsel's deficient performance rendered the proceeding fundamentally unfair. *Jefferson*, ¶ 53.

¶31 Not only did counsel fail to provide meaningful representation, but his statements actually undermined Avery's interest. Prior to counsel's representation, Avery approached the Division with a presumption that his sentence, as imposed, was correct. "The sentence imposed by the district court is presumed correct." Section 46-18-904(3),

---

[5] Counsel may have been confused by the District Court's initial suggestion that it was intending to impose a sentence of 30 years, with 10 years suspended, but, nonetheless, it actually imposed a sentence of 30 years, with 20 years suspended. There is no question that this is the legally imposed sentence. It is possible that Avery had applied for sentence review in an attempt to obtain the sentence he had originally bargained for in the plea agreement, 30 years with 25 suspended.

MCA (*see also* Rule 17, Mont. Sent. Rev. Div., stating "[T]he sentence will not be . . . increased unless it is deemed clearly inadequate . . . ."). Counsel's representation thus placed Avery in a worse position than if he had not been represented by counsel at all. Further, had counsel correctly understood Avery's sentence, he could have better advised Avery about the risks and benefits of proceeding before the Division.

¶32 Consequently, we conclude that counsel's deficient performance rendered the proceeding fundamentally unfair, and that Avery has satisfied both prongs of the *Strickland* test. Accordingly, we hold Avery was denied effective assistance of counsel in violation of Article II, Section 24 of the Montana Constitution. Therefore,

¶33 IT IS HEREBY ORDERED:

¶34 1. The judgment of the Sentence Review Division in Cause No. DC 11-496, regarding Russell Scott Avery is VACATED.

¶35 2. The amended judgment of the District Court in the above-referenced cause number regarding Russell Scott Avery, entered in response to the Sentence Review Division's order, is VACATED.

¶36 3. This matter is remanded to the District Court with instructions to REINSTATE the sentence in the above-referenced cause number as originally imposed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH

11

/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT