No. 02-593

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 252N

SHERMAN P. HAWKINS,

        Petitioner and Appellant,

   v.

MIKE MAHONEY, CRAIG THOMAS,
TERRY WILKINSON, PAUL LUCIER
and BOB HUNT,

        Respondents and Respondents.

APPEAL FROM:    District Court of the Third Judicial District,
                     In and for the County of Powell, Cause No. DV 00-66,
                     The Honorable Ed McLean, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Sherman P. Hawkins (pro se), Deer Lodge, Montana

        For Respondents:

            Hon. Mike McGrath, Attorney General; Diana L. Koch,
            Assistant Attorney General, Helena, Montana

Submitted on Briefs:  February 20, 2003

Decided:  September 19, 2003

Filed:

_____
                          Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. The decision shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of non-citable cases issued by this Court.

¶2      Sherman P. Hawkins ("Hawkins") appeals an Order from the Third Judicial District Court dismissing his action for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), M.R.Civ.P.  We affirm.

## BACKGROUND

¶3      Hawkins is an inmate at the Montana State Prison serving a life sentence for the homicide of his first wife.  He received additional sentences for subsequent convictions of felony drug possession, misdemeanor escape, and felony escape.

¶4      Hawkins was under a written order from prison officials prohibiting him from contacting his ex-wife, Fran Kunz ("Kunz").  By Hawkins' own admission, in February of 2000, he called Kunz's business phone several times and hung up when she answered. Hawkins claims that he was calling for his step-daughter, who could also be reached at that telephone number.  Kunz suspected the hang-up calls were from Hawkins and complained to Craig Thomas ("Thomas"), Parole Board Executive Director.  Thomas passed the information to Hawkins' unit manager, Paul Lucier ("Lucier").  On February 11, 2000, Lucier issued Hawkins a disciplinary infraction report for violating the direct order to refrain from contacting Kunz.

¶5 On February 18, 2000, Disciplinary Hearings Officer Terry Wilkinson ("Wilkinson") conducted a hearing on the violation. At the hearing, Hawkins requested a staff investigator, demanded to confront the witnesses against him, and demanded to see the evidence against him. Wilkinson denied Hawkins' requests. At the hearing, Hawkins admitted he placed the calls to Kunz's place of work. Wilkinson found Hawkins guilty and sanctioned him with a loss of phone privileges for 60 days. Wilkinson denied Hawkins' request to appeal the ruling.

¶6 As a result of the violation, Hawkins' classification was reduced to Level II in the maximum security unit. In his Complaint, Hawkins averred that his reclassification at Level II status required that he be confined to his cell 24 hours a day from February 18, 2000, until June 17, 2000. Hawkins suffers from high cholesterol, which he claims was exacerbated during the time he was at Level II status because he was not allowed out of his cell to exercise. Hawkins states in his Complaint that he was at Level II status for approximately 120 days.

¶7 Hawkins filed this action against Thomas, Wilkinson, Lucier, Warden Mike Mahoney, and Unit Counselor Bob Hust, alleging his rights to due process and equal protection were violated during the disciplinary hearing, and that he was subjected to cruel and unusual punishment when he could not exercise while he was at Level II status.

¶8 The District Court granted Defendants' motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), M.R.Civ.P. We affirm.

STANDARD OF REVIEW

¶9 A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of a claim which would

3

entitle the plaintiff to relief. *Dukes v. Sirius Const., Inc.*, 2003 MT 152, ¶ 11, 316 Mont. 226, ¶ 11, 73 P.3d 781, ¶ 11. A motion to dismiss under Rule 12(b)(6), M.R.Civ.P., has the effect of admitting all well-pleaded allegations in the complaint. *Dukes*, ¶ 11. In considering the motion, the complaint is construed in the light most favorable to the plaintiff, and all allegations of fact contained therein are taken as true. *Dukes,* ¶ 11.

¶10    The District Court's determination that Hawkins failed to state a claim for which relief was available is a conclusion of law. Our standard of review of a district court's conclusion of law is whether its interpretation of the law is correct. *Dukes,* ¶ 11.

DISCUSSION

¶11    Hawkins first claims that his due process and equal protection rights were violated in the disciplinary hearing. He complains that he was not permitted to confront witnesses against him, introduce evidence, call witnesses in his defense, or appeal the decision.

¶12    Hawkins' claims are based on 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress . . . .

In order to prevail on a § 1983 claim, a plaintiff must establish: "(1) a violation of rights protected by the [United States] Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Orozco v. Day* (1997), 281 Mont. 341, 347, 934 P.2d 1009, 1012.

¶13    "Due process is a flexible concept . . . and, therefore, the process due an individual varies according to the factual circumstances and the nature of the right at stake." *Jellison*

4

*v. Mahoney*, 1999 MT 217, ¶ 8, 295 Mont. 540, ¶ 8, 986 P.2d 1089, ¶ 8. "[P]rison disciplinary actions 'take[] place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so.'" *Jellison*, ¶ 8 (quoting *Wolff v. McDonnell* (1974), 418 U.S. 539, 561, 94 S.Ct. 2963, 2977, 41 L.Ed.2d 935, 954). The liberty interest of an inmate is, therefore, minimal. *Jellison*, ¶ 8. A prisoner's liberty interest in a disciplinary hearing is generally limited to freedom from restraint which imposes an atypical and significant hardship upon him in relation to the ordinary incidents of prison life. *Sandin v. Conner* (1995), 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418.

¶14    We have recognized that a liberty interest exists in an inmate's ability to earn good time credits, triggering due process protections if the prison seeks to hamper that ability. *Orozco*, 281 Mont. at 354, 934 P.2d at 1016. Here, however, Hawkins' ability to earn good time credits was not at stake. Furthermore, in *Jellison*, we stated that custody classification and discipline in segregated confinement do not give rise to due process protections. *Jellison*, ¶ 9. We conclude that Hawkins did not have a liberty interest at stake in the hearing, and therefore the prison only owed him minimal due process.

¶15    In the hearing, Hawkins admitted he repeatedly called Kunz's work number. Although Hawkins' actions were justified in his own mind, in that he claims he was trying to contact his step-daughter and did not actually talk to Kunz, Wilkinson was reasonable in concluding Hawkins violated the order not to contact Kunz. Even if Wilkinson had permitted Hawkins to confront witnesses, introduce evidence and call witnesses, it would have made no difference. Hawkins essentially admitted to the violation when he stated he called Kunz's work number. Furthermore, we find that the minimal due process owed to

5

Hawkins in this situation does not require he be entitled to appeal the disciplinary decision.

¶16 As the District Court pointed out, Hawkins' claim that his constitutional right to equal protection fails because he is not a member of a protected class. *See, e.g., State ex rel. Holt v. District Court*, 2000 MT 142, 300 Mont. 35, 3 P.3d 608.

¶17 Next, we address Hawkins' claim he was subjected to cruel and unusual punishment when he was not permitted to exercise while he was reduced to Level II. Hawkins alleges the lack of exercise aggravated his high cholesterol, but offers no proof of this assertion.

¶18 "The Constitution 'does not mandate comfortable prisons'. . . ." *Farmer v. Brennan* (1994), 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (quoting *Rhodes v. Chapman* (1981), 452 U.S. 337, 349, 101 S.Ct. 2392, 2400, 69 L.Ed.2d 59). "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney* (1993), 509 U.S. 25, 31, 113 S.Ct. 2475, 2480, 125 L.Ed.2d 22.

¶19 A prison official violates the Eighth Amendment only when two requirements are met: first, the deprivation alleged must be, objectively, sufficiently serious; and second, infliction of the punishment must be unnecessary and wanton. *Farmer*, 511 U.S. at 834, 114 S.Ct. at 1977, 128 L.Ed.2d 811. The prison official must act with "deliberate indifference" to the inmate's health or safety. *Farmer*, 511 U.S. at 834, 114 S.Ct. at 1977, 128 L.Ed.2d 811. Deliberate indifference requires a state of mind more blameworthy than negligence. *Farmer*, 511 U.S. at 835, 114 S.Ct. at 1978, 128 L.Ed.2d 811. Prison officials are accorded wide ranging deference in implementing policies to preserve order and discipline among inmates. *Jellison*, ¶ 12.

¶20 We conclude that Hawkins' deprivation of exercise for the period of time he was at

Level II is not sufficiently serious to violate his Eighth Amendment right to be free from cruel and unusual punishment. Furthermore, we find that prison officials did not act with deliberate indifference toward his health and that the punishment was neither unnecessary nor wanton. Hawkins did not set forth a cognizable claim under § 1983, and the District Court properly dismissed his complaint under Rule 12(b)(6), M.R.Civ.P.

¶21   We affirm.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE

7