JAMES H. GOETZ, Plaintiff, v. Honorable JAMES T. HARRISON, Honorable FRANK I. HASWELL, Honorable WESLEY CASTLES, Honorable JOHN CONWAY HARRISON, Honorable JOHN BONNER; as agents of the State of Montana, Defendants.

No. 11728.
Decided Aug. 18, 1969.
457 P.2d 911.

OPINION AND ORDER

PER CURIAM:

This is an action against all members of this Court acting in their official capacities. As such, it is a suit against the Su-

preme Court of Montana. The case is now pending in the District Court of the First Judicial District, Lewis and Clark County.

Plaintiff's complaint briefly alleges that he is denied the equal protection of the laws under the Fourteenth Amendment to the United States Constitution, in that this Court regularly admits graduates of the Law School of the University of Montana to practice law in Montana without examination, whereas plaintiff is compelled to pass a bar examination before he can be so admitted. (The complain is silent as to plaintiff's age, citizenship or residency, capacity, educational status, and other qualifications.) Plaintiff prays that section 93-2002, R.C.M.1947, be declared void, and demands that the trial court issue its temporary restraining order and permanent injunction against this Court.

Section 93-2002 was amended to its present form in 1915, and since that time this Court has carried out and enforced its provisions. This section became more than a legislative enactment. It has been applied as a *rule* of the Montana Supreme Court. The admission and regulation of attorneys in Montana is a matter peculiarly within the inherent power of this Court, subject, of course, to constitutional guaranties, which the Court has always zealously guarded.

Thus, we are faced with a demand by plaintiff that the district court construe a statute this Court has applied for more than 50 years; adjudicate the validity of a rule of this Court; and issue an injunction against the Supreme Court of Montana.

We are not unwilling that the constitutionality of our rule and the legislative enactment be heard and determined on the merits, in a proper case. Indeed, the matter having been raised, it should perhaps be presented to this Court in an appropriate original proceeding. (This would allow the Court, if it chose, to examine the *wisdom* of the rule, as well as its constitutionality.) Moreover, we apprehend that if plaintiff desires to attack this statute and rule in an adversary proceeding against this Court,

the United States District Court would probably entertain such action.

This Court is not, however, and cannot be, concerned at this point with these considerations. Rather, the question before us involves the very integrity of the judicial system of Montana. The district court has decided that it may issue its process against us, and that it may sit in judgment of this Court. With this we can never agree; nor can this Court permit such to occur. This Court has supervisory control over the District Court of the First Judicial District. The converse is not true. We choose to exercise that control in this case.

We hold that no Montana district judge has jurisdiction to sit in the judgment of the Supreme Court of Montana in this case.

Accordingly, it is ordered and this does order that the district judge presiding forthwith dismiss plaintiff's complaint, without prejudice, for want of jurisdiction of the court to entertain such action.

A copy of this Order will be served by mail on the district judge who appears to have assumed jurisdiction. Likewise, a copy of this Order will be served by mail on plaintiff James H. Goetz.