No. 84-429

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

IN RE THE MATTER OF THE ESTATE OF

ALICE DULLENTY THOMAS, Deceased.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Robert Holmstrom, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Lynaugh, Fitzgerald & Hingle; Michael G. Eiselein
argued, Billings, Montana

For Respondent:

Jones Law Firm; W. Blair Jones argued, Billings,
Montana

---

Submitted: March 11, 1985

Decided: May 9, 1985

Filed: MAY - 9 1985

*Ethel M. Harrison*

---
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

The heirs of decedent, Alice Thomas, appeal an order of the Yellowstone County District Court which held that while sitting in probate, it lacked jurisdiction to consider the propriety of certain pre-death transfers made according to decedent's instructions, by her personal representative, John W. "Bill" Bresnahan.

The sole issue presented here is whether the District Court, sitting in probate, has jurisdiction to determine title to real property. The District Court sitting as a court of probate determined that it did not.

We affirm.

Albert Thomas married Alice Dullenty in 1939. They spent most of their married life in Billings, Montana. In January 1980, Albert and Alice signed identical wills, each leaving his or her property to the surviving spouse, and if neither spouse survived, then to the Thomas heirs.

On February 2, 1980, Alice changed her mind, and executed a new will, similar to the first will, but naming her sister's son, Bill Bresnahan, as personal representative of her estate. Also on February 2, 1980, Alice signed a power of attorney, naming Bill Bresnahan as attorney-in-fact, giving him "full power to do and perform all and every act" and "every proper power necessary to carry out the purposes for which this power is granted."

According to Bresnahan, the will and power of attorney constituted Alice's estate plan. Bresnahan states Alice instructed him that she wanted to take care of two Yellowstone Avenue real properties in Billings for as long as

- 2 -

she was able, and that Bresnahan should thereafter transfer the properties to six specified Dullenty heirs, on the condition that they hold the properties in trust for Alice for her life and for Albert for his life, to the extent necessary to sustain them.

On April 16, 1982, Bresnahan transferred the real property to the Dullenty heirs, after both Alice and Albert were placed in a nursing home. Alice died on June 25, 1982.

Bresnahan entered her will into probate, listing an inventory which excluded the Yellowstone Avenue properties. By that time, Albert was incompetent, and his sister, Eleanor Barclay, had been appointed his conservator. Barclay brought an action seeking to remove Bresnahan as personal representative of Alice's estate, and to set aside the conveyances made by him to the Dullenty heirs. She filed a motion for summary judgment on November 21, 1983, claiming that neither Alice's will nor the deeds filed of record indicate on their face that Alice intended Albert to have only a life estate in her property, with the six Dullenty heirs taking fee ownership after Albert's death.

The District Court denied Barclay's motion for summary judgment, for the reasons that there were material factual issues in dispute and questions of parol evidence that could not be determined by summary judgment.

At that time, Judge Wilson, who was sitting on the District Court, retired. Judge Holmstrom succeeded him. He affirmed Judge Wilson's ruling as to the summary judgment, but raised the question as to whether the District Court, sitting in probate, had jurisdiction to decide the question of the pre-death transfer of certain properties in her estate to the Dullenty heirs.

- 3 -

Barclay noted in a Reply Brief filed August 1, 1984, that while she was not seeking to dismiss her own petition, she had researched the matter and agreed with the court's order that the District Court, while sitting in probate, lacked the requisite jurisdiction to determine title to real property.

Bresnahan, on the other hand, took the position that judicial economy would be served by continuing the proceeding in the probate court. The District Court disagreed, and this appeal ensued.

We have consistently answered the question in the negative, whether the District Court, sitting in probate, has jurisdiction to decide title to real property. Matter of the Estate of Swandal (1978), 179 Mont. 429, 587 P.2d 368; Christian v. A. A. Oil Corporation (1973), 161 Mont. 420, 506 P.2d 1369; McReynolds v. McReynolds (1966), 147 Mont. 476, 414 P.2d 531; In re Jennings' Estate (1925), 74 Mont. 449, 241 P. 648; In re Dolenty's Estate (1916), 53 Mont. 33, 161 P. 524; State ex rel. Barker v. District Court (1902), 26 Mont. 369, 68 P. 856.

Bresnahan contends the "archaic distinctions" between probate jurisdiction and other forms of jurisdiction no longer exist under the 1972 Montana Constitution or under the Uniform Probate Code as adopted in Montana. He cites various constitutional and statutory provisions which list probate matters together with civil cases, and with all cases at law and in equity.

He cites extensively from the old and long-standing case of Chadwick v. Chadwick (1887), 6 Mont. 566, 13 P. 385, arguing that the now (then) antiquated concept of a separate and distinct probate jurisdiction was rejected, because the

- 4 -

probate court was a court of equity, having chancery powers. But Chadwick does not aid Bresnahan, first, because the issues there involved advancements made to certain beneficiaries under the will, and second, the Court ruled the question of advancements was outside the scope of probate jurisdiction. In the present case, the Dullenty heirs were alternate beneficiaries; therefore the deeds of property to them were not advancements. Further, at the time Alice died, the properties were not in her estate to devise to Albert.

Bresnahan argues that the probate court has jurisdiction to determine whether a certain asset should be included in the inventory of an estate and cites our opinion in Swandal, supra, to support that argument:

> "It is true, as appellants contend, that the District Court is without jurisdiction to try questions of title among the estate, the heirs and third parties. In re Jennings Estate (1925), 74 Mont. 449, 466, 241 P. 648, In re Dolenty's Estate (1916), 53 Mont. 33, 43, 161 P. 524. '[B]ut the court does have the power to determine the fact whether or not property in dispute belongs to an estate as an asset thereof or for the purpose of inclusion in the inventory.'" 179 Mont. at 436, 587 P.2d at 372.

The policy considerations, however, preclude a determination of title. We are aware that a majority of states follow the rule that a court sitting in probate has jurisdiction to determine title to property. 90 A.L.R. 134 (1934). And too, in at least one instance, it was held that in determining the inventory of an estate, the probate court had jurisdiction incidentally to determine title to property apparently belonging to the estate; but such determination is merely for the purpose of facilitating the orderly progress of business in that court, and does not determine the ultimate rights of the parties. Security-First National Bank of Los Angeles v. King (Wyo. 1933), 23 P.2d 851.

- 5 -

In Montana, title to real property, whether determined incidentally or intentionally, must be resolved in proper proceedings instituted for that purpose.

The order of the District Court is affirmed.

_____
                    Justice

We Concur:

_____
        Chief Justice

_____

_____

_____

_____
        Justices

Mr. Justice John C.Sheehy, specially concurring:

I concur in the above opinion because of the long history of similar decisions in this Court, although I am not sure that the Uniform Probate Code may have provided for this kind of dilemma in § 72-3-615, MCA. At any rate, it would be my suggestion to the District Court and the parties that a special administrator be appointed under § 72-3-701, MCA, charged with the duty to bring an action on behalf of the estate against the transferees to determine the issues of title raised by the conservator. The special administrator should be a neutral person to the contending parties here. The determination of the court in such special action would determine for the probate court whether the real property should be included as an asset of Alice's estate.

John C. Sheehy
_____
Justice