IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 96-369

FILED

AUG 27 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

STATE OF MONTANA,

      Plaintiff and Respondent,

v.

JORGE TORRES,

      Defendant and Petitioner.

O P I N I O N
A N D
O R D E R

This matter comes before the Court on petitioner Jorge Torres' petition for post-conviction relief. The facts which give rise to this petition are as follows:

In July 1994, Torres was charged with aggravated assault, a felony, pursuant to § 45-5-202, MCA. In February 1995, Torres pled guilty to the charged offense and signed an Acknowledgement of Waiver of Rights by Plea of Guilty form. In April 1995, the District Court sentenced Torres to a term of twenty years in the Montana State Prison. In June 1995, Torres filed a motion to withdraw his guilty plea, which the District Court denied in December 1995.

Torres subsequently applied for a sentence review with the Sentence Review Division of the Montana Supreme Court. Before the Sentence Review Division heard the application, Torres was advised that the Sentence Review Division had the authority to not only reduce or affirm the sentence, but also to increase it and that there were no rights of appeal from its decision. Torres acknowledged that he understood the consequences of appearing before the Sentence Review Division and stated that he wished to proceed.

Following the hearing, the Sentence Review Division stated that the reasons advanced for modification of the sentence were insufficient to hold that the sentence imposed by the District Court was inadequate or excessive. However, the Sentence Review

Division modified Torres' sentence by adding the restriction that Torres not be considered eligible for parole or other release until he had served seven years of the sentence imposed, during which time he must complete the anger management program and other counseling deemed appropriate by the prison staff. The Sentence Review Division stated that its reasons for the restriction were that during the sentence review hearing Torres exhibited absolutely no remorse or concern for the victim of the crime, illustrated disdain for the victim, and accepted no responsibility for his actions.

Torres argues that the Sentence Review Division's restriction renders his guilty plea involuntary because the District Court did not inform him of the effect of any penalty enhancement provision or special parole restriction pursuant to § 46-12-210, MCA. Torres claims that since the District Court sentenced him without informing him that he could be designated ineligible for parole, the effect of the Sentence Review Division's parole restriction was to render his guilty plea involuntary. Torres also argues that the restriction was improper since the Sentence Review Division determined that the reasons Torres advanced for modification of his sentence were insufficient to hold that the sentence imposed by the District Court was inadequate or excessive.

The State of Montana filed a response to the petition arguing that § 46-18-905, MCA, provides that a decision of the Sentence Review Division is final and cannot be appealed. The State argues that Torres' petition for post-conviction relief is, in effect, an appeal of the Sentence Review Division's decision and is therefore prohibited by § 46-18-905, MCA.

In this Court's July 30, 1996, order in Whitehorn v. State, Cause No. 96-265, we reviewed the decision of the Sentence Review Division under a petition for post-conviction relief. Section 46-18-905, MCA, provides no avenue of appeal for a defendant to challenge the legality of a decision by the Sentence Review Division. Section 46-21-101, MCA, Montana's post-conviction relief statute, provides that:

2

> A person adjudged guilty of an offense in a court of record who has no adequate remedy of appeal and who claims . . . that the court was without jurisdiction to impose the sentence . . . may petition the court that imposed the sentence or the supreme court to vacate, set aside, or correct the sentence . . . .

Therefore, we conclude that a petition for post-conviction relief or other extraordinary writ is appropriate for the purpose of challenging the decision of the Sentence Review Division.

In this case, the Sentence Review Division found there were insufficient reasons to find that Torres' sentence was inadequate or excessive. Rule 17 of the Rules of the Sentence Review Division provides that:

> The sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive.

Nonetheless, the Sentence Review Division modified Torres' sentence by restricting his parole eligibility. Having found that the original sentence was not inadequate, the Sentence Review Division lacked jurisdiction to alter the sentence.

After due consideration of the petition and response,

IT IS HEREBY ORDERED that Torres' petition for post-conviction relief is GRANTED in regard to the Sentence Review Division's modification of Torres' sentence and that provision is ordered stricken from the Sentence Review Division's decision and from Torres' prison sentence.

The Clerk is directed to mail a true copy of this order to the petitioner personally, to the Attorney General and to the Yellowstone County Attorney.

DATED this 27th day of August, 1996.

_____
Chief Justice

3

_____

_____
W. William Bryphant

_____
Justices

Justice James C. Nelson specially concurs and dissents.

I concur in the result of our order, but I dissent from the procedural mechanism through which we are granting relief to Torres. I am not satisfied that § 46-21-101, MCA, serves as the authority for this order. By its language, that section of the Montana Code provides a postconviction remedy from an unconstitutional or unlawful sentence imposed by a court. Here the problem is not from anything which the sentencing court did, but, rather, results from the Sentencing Review Board effectively increasing Torres' sentence in violation of the Board's own Rule 17, which prohibits the Board from increasing or reducing a sentence "unless it is deemed clearly inadequate or excessive." Since the District Court's sentence was found to be neither inadequate nor excessive, the Board had no jurisdiction to modify the sentence in violation of its own rules.

The Sentence Review Board is appointed by the Chief Justice of the Supreme Court and functions as a review division of this Court. Section 46-18-901(1), MCA. Accordingly, this Court has the responsibility and supervisory authority to insure that its sentence review division complies with the statutes and rules governing the division's operations in the same manner that we have such responsibility and authority to insure that other boards and commissions appointed by and supervised by this Court act within their jurisdiction and authority. Art. VII, Sec. 2, Mont.Const.

Rule 17, M.R.App.P., codifies this Court's constitutional power "to hear and determine such original and remedial writs as may be necessary or proper to complete the exercise of its jurisdiction", and it is on that basis alone, I believe, that we are authorized to correct the unlawful sentence modification by the Sentence Review Board in this case.

Similarly, it was on that basis that we were authorized to enter our July 30, 1996, order in Whitehorn, Cause No. 96-265. While we entered our order in that case on the basis of a petition for postconviction relief, the issue of the procedural mechanism by which the Sentence Review Board's decision was brought before this Court was not raised or addressed. Our order was correct; the

procedural mechanism under which we entered it was not.

In my view, § 46-21-101, MCA, does not contemplate or authorize a petition for postconviction relief from action by the Sentence Review Board. As long as the Board is acting within its jurisdiction and authority under its rules and the applicable statutes, then its decision is final. Section 46-18-905, MCA. There is no appellate review of the Board's decision either by way of direct appeal or postconviction relief.

By failing to recognize the proper basis on which we are authorized to deal with Torres' demand for relief (i.e. our discretionary power of supervisory control over the review division of this Court), we are opening up an avenue for routine appellate review of decisions of the Sentence Review Board via postconviction relief--a remedy which is not authorized by any of the governing statutes.

_____
Justice


Justice Karla M. Gray:

I join in the concurring and dissenting opinion of Justice Nelson.

_____
Justice