No. 05-678

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 7

PATRICIA BOE, on behalf of herself
and other similarly situated,

Plaintiff and Appellant,

v.

COURT ADMINISTATOR FOR THE
MONTANA JUDICIAL BRANCH OF
PERSONNEL PLAN AND POLICIES,
an administrative subdivision of the
State of Montana,

Defendant and Respondent.

APPEAL FROM:   The District Court of the Thirteenth Judicial District,
               In and For the County of Yellowstone, Cause No. DV 2005-0546,
               Honorable Ingrid G. Gustafson, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Robert L. Stephens, Jr., Southside Law Center, Billings, Montana

        For Respondent:

        Hon. Mike McGrath, Montana Attorney General, John C. Melcher,
        Assistant Attorney General, Helena, Montana

Submitted on Briefs:  June 14, 2006

Decided:  January 10, 2007

Filed:

_____
                      Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Patricia Boe (Boe), a longtime judicial assistant for the District Court in Billings, appeals the District Court's dismissal of her Complaint challenging various provisions of the Montana Judicial Branch Personnel Plan. The court dismissed Boe's Complaint on the ground that it lacked subject matter jurisdiction. We affirm.

## ISSUE

¶2 The dispositive issue on appeal is whether the District Court correctly decided it lacked subject matter jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 In 2001, the Montana Legislature asked the Montana Supreme Court to adopt a plan of personnel administration for employees of the judicial branch. The Judicial Branch Personnel Plan (Plan) had to include provisions addressing classification and pay, recruitment and selection, performance appraisal, training, and promotion. Upon adoption and implementation of the Plan, county judicial employees were transferred to the Montana Judicial Branch thereby becoming State employees. *See* Senate Bill 176 (2001)(now codified at § 3-1-130, MCA). This transfer was to occur in a manner that preserved all the existing rights and amenities the employees enjoyed as county employees. The Legislature established a deadline for transfer of July 1, 2003.

¶4 In May 2005, Boe, a judicial assistant since July 1985 for the District Court of the Thirteenth Judicial District in Billings, Yellowstone County, filed a Complaint contesting the validity of the Plan. In particular, she claimed the Plan contained pay inequities and disparities, was arbitrary and capricious and contrary to State policy, and

2

violated her equal protection and due process rights.  The State moved to dismiss the Complaint, arguing that the Supreme Court had exclusive jurisdiction over the Plan, and therefore the District Court lacked subject matter jurisdiction.  The District Court agreed.  Boe appeals the court's dismissal of her Complaint.

## STANDARD OF REVIEW

¶5    Whether a court has subject matter jurisdiction is a question of law.  We review a district court's conclusions of law to determine whether they are correct. *CBM Collections, Inc. v. Ferreira*, 2005 MT 170, ¶ 4, 327 Mont. 479, ¶ 4, 115 P.3d 211, ¶ 4.

## DISCUSSION

¶6    Boe argues that the creation of the position of Court Administrator and a Plan through legislative enactment does not invest an exclusive jurisdictional prerogative in the Supreme Court, but rather creates a separate administrative or executive function, and that the delegation of administrative or executive authority to a political subdivision is not a judicial function; therefore, she argues there is no reservation of exclusive jurisdiction for purposes of challenging the application and administration of that Plan.

¶7    The State counters that this issue was resolved by this Court when it previously exercised original jurisdiction to entertain petitions on personnel issues arising from operation of the Plan in *In re Petition for Revisions and Adoption of the Montana Judicial Branch Personnel Plan and Policies*, No. 03-374 (Mont. 2003) and *In re Petition for Revision and Adoption of the Montana Judicial Branch Personnel Plan and Policies*, No. 04-186 (Mont. 2004).  Additionally, the State points out that *Goetz v.*

3

*Harrison*, 153 Mont. 403, 457 P.2d 911 (1969), supports the proposition that a district court cannot declare an order of this Court invalid.

¶8 Relying on the language of S.B. 176, the District Court concluded that Boe was not "merely seek[ing] remedial and equitable relief" from the implementation of the Plan but was seeking invalidation of the Plan and replacement of the Plan with a plan drafted by the District Court. The court ultimately held:

> The plain language of the legislation assigns the task of adopting (and implicitly amending) the Plan exclusively to the Montana Supreme Court. The District Court has no authority to revoke and modify the Judicial Branch Personnel Plan. [Boe] would need to petition the Montana Supreme Court directly to possibly obtain the relief she seeks. Thus, [Boe's] Complaint is dismissed, without prejudice.

¶9 We agree with the District Court and the State's analysis and authority. In Cause No. 03-374, referenced above, the Clerk of the Supreme Court petitioned the Court, directly, on behalf of himself and four district court judges, to exempt his staff and the confidential staff of the four judges from the provisions of the Plan. We accepted original jurisdiction over the petition, granted it with respect to the Supreme Court Clerk's staff, and denied it without prejudice with respect to the confidential staff of the district court judges because the Clerk did not have standing to petition on behalf of the judges. Notably, while all justices did not agree on whether the Clerk's personnel should be exempt from the Plan (Justices Rice and Warner concurring and dissenting and Chief Justice Gray dissenting), they all agreed that the Court was responsible for the creation and any subsequent modification of the Plan.

4

¶10 Similarly, in Cause No. 04-186, six district court judges asked the Court to revise the Plan "to reiterate, affirm, and recognize" the authority of the judges to hire and retain personal staff. The Petition requested that these confidential staff members be exempt from the Plan. We accepted jurisdiction but denied the Petition on the ground that it was vague and did not recognize the various staffing arrangements in all of the judicial districts. As a result, we appointed a five-member committee with Justice Rice as Chairman, to review and consider possible amendments to the Plan and report its recommendations to the Court. These Orders recognize and establish that this Court is singularly responsible for the creation, implementation and modification of the Plan. As such, we have exclusive jurisdiction over it and a district court cannot invalidate, modify, or replace any or all of it.

¶11 We also agree that *Goetz* provides support for this conclusion. While not involving the State's Plan, *Goetz* holds that Montana district courts cannot sit in judgment of the Montana Supreme Court. Plaintiff Goetz, a Yale graduate, brought an action against this Court seeking invalidation of a statute and a Supreme Court rule allowing graduates of the University of Montana law school to be admitted automatically to the Montana Bar but requiring graduates of other law schools to take the written bar examination. Goetz claimed that the statute and rule denied him equal protection under the United States Constitution. He demanded that the district court issue a temporary restraining order and a preliminary injunction against the Supreme Court prohibiting the continuation of this practice. The District Court declined to do so, citing lack of jurisdiction. This Court agreed, and unequivocally held that "no Montana

district judge has jurisdiction to sit in the judgment of the Supreme Court of Montana" in a case over which the Court has exclusive and original jurisdiction. We further proclaimed "[t]his Court has supervisory control over the [district courts]. The converse is not true." *Goetz v. Harrison*, 153 Mont. at 405, 457 P.2d at 912.

¶12 For the foregoing reasons, we conclude the District Court correctly determined it was without subject matter jurisdiction over Boe's Complaint. Therefore, we affirm the District Court's dismissal of Boe's Complaint, without prejudice. If Boe wishes to pursue this claim, the proper procedure is to file a Petition with this Court.

¶13 Finally, Boe raises two additional issues on appeal: judicial immunity and violation of separation of powers. In Boe's response to the State's motion to dismiss, she argued to the District Court that the doctrine of judicial immunity did not protect the Court Administrator from this claim. This defense was not raised by the State nor was it the basis for the District Court's dismissal of Boe's Complaint. As a result, this issue is not properly before us and we decline to address it. Additionally, Boe argues on appeal that should we affirm the District Court's dismissal of her Complaint for lack of jurisdiction, the issue of a violation of separation of powers arises. She asks that we apply middle tier scrutiny to resolve the issue in her favor. This issue could have been raised in the District Court but was not. As we have held on numerous occasions, we do not address arguments raised for the first time on appeal. *T.L.S. v. Montana Advocacy Program*, 2006 MT 262, ¶ 31, 334 Mont. 146, ¶ 31, 144 P.3d 818, ¶ 31 (citations omitted).

¶14    Affirmed.

                                        /S/ PATRICIA COTTER


We Concur:

/S/ JIM RICE
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON
/S/ JOHN WARNER