DA 07-0500

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 287

BILLINGS GAZETTE,

      Petitioner and Appellant,

  and

WILLIAM D'ALTON,

      Intervenor and Petitioner,

  v.

THE STATE OF MONTANA, by and through its
COMMISSION ON PRACTICE and OFFICE OF
DISCIPLINARY COUNSEL,

      Respondents and Appellees.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDV 2006-358
Honorable Thomas C. Honzel, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Peter Michael Meloy (argued), Meloy Law Firm, Helena, Montana

      For Appellees:

      Hon. Mike McGrath, Montana Attorney General, Ali N. Bovington
(argued), Assistant Attorney General, Helena, Montana

      For Amicus Curiae:

      James P. Reynolds, Reynolds, Motl and Sherwood, PLLP,
Helena, Montana (for The Reporters Committee for Freedom of the Press)

Argued and Submitted:  June 25, 2008

Decided:  August 12, 2008

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1    After attorney Moira D'Alton (D'Alton) admitted to violating various rules of professional conduct, she was publicly censured by this Court. However, the actions which constituted conduct violations remained confidential under the Rules for Lawyer Disciplinary Enforcement. The Billings Gazette (Gazette) sought a copy of her disciplinary file and the Commission on Practice (Commission) and the Office of Disciplinary Counsel (ODC) refused to provide it. The Gazette sued in the First Judicial District Court, Lewis and Clark County, and the District Court held that it did not have jurisdiction over the matter. The Gazette appeals. We affirm.

## ISSUE

¶2    A restatement of the dispositive issue on appeal is whether the District Court correctly decided it lacked subject matter jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3    Moira D'Alton was a deputy city attorney in Billings, Montana, until her employment was terminated in 2004. In October 2004, she began working as a Yellowstone County public defender. D'Alton was formerly married to William D'Alton, the intervenor in this case. Based on an alleged domestic assault incident, Mr. D'Alton filed a civil suit against his former wife and the City of Billings in federal district court. This civil suit is unrelated to the case before us but is referenced to explain Mr. D'Alton's status as intervenor. He seeks to obtain D'Alton's disciplinary record for use in his federal civil action. Reference to "the Gazette" in this Opinion will incorporate Mr. D'Alton's claims as well.

3

¶4 Complaints were filed against D'Alton with the ODC in 2003 and 2004. In November 2005, D'Alton filed a Conditional Admission and Affidavit of Consent with the Commission. The Commission conducted a private hearing for the purpose of obtaining information to aid in its determination as to whether to recommend approval or rejection of her Admission. In March 2006, the Commission recommended that this Court approve D'Alton's Admission. Subsequently, we approved the Admission, suspended D'Alton's law license for thirty days, and publicly censured her, placing her on probation for two years. We articulated the rules of professional conduct that D'Alton violated in our order but did not describe the specific actions that led to the censure.

¶5 In April 2006, the Gazette requested from the ODC "public documents" relating to D'Alton's discipline. Citing Rules 20 and 26 of the Rules of Lawyer Disciplinary Enforcement (RLDE or Rules), the ODC declined to provide D'Alton's file. Shortly thereafter the Gazette requested the Commission's files on D'Alton. Citing the same rules, the Commission also refused. In May 2006, the Gazette filed a Petition to Obtain Public Documents in the First Judicial District Court. The court concluded that it did not have the authority to order the Commission or the ODC to release documents that are protected by rules promulgated by the Montana Supreme Court under its constitutional authority. The Gazette filed a timely appeal.

**STANDARD OF REVIEW**

¶6 Whether a court has subject matter jurisdiction is a question of law which we review for correctness. *Boe v. Court Adm'r for the Mon. Jud. Branch*, 2007 MT 7, ¶ 5, 335 Mont. 228, ¶ 5, 150 P.3d 927, ¶ 5 (citation omitted).

4

**DISCUSSION**

¶7    *Did the District Court correctly decide it lacked subject matter jurisdiction?*

¶8    While the parties argued the merits of their claims to the District Court and to this Court on appeal, we need not reiterate those arguments as we resolve this case on jurisdictional grounds.   This matter involves the confidentiality of lawyer disciplinary proceedings before the Commission and the ODC.   The applicable rules, in relevant part, are as follows:

RULE 20. ACCESS TO DISCIPLINARY INFORMATION

> A. Confidentiality.   All disciplinary proceedings which are prior in time to the filing of a formal complaint with the Clerk of the Supreme Court shall be confidential, except that the pendency, subject matter, and status of an investigation may be disclosed by Disciplinary Counsel if:
>
> (1) The respondent has waived confidentiality;
>
> (2) The proceeding is based upon allegations that include either the conviction of a crime or reciprocal discipline;
>
> (3) The proceeding is based upon allegations that have become generally known to the public; or
>
> (4) There is a need to notify another person or organization, including the Lawyers Fund for Client Protection Board or the Commission on Character and Fitness, in order to protect the public, the administration of justice, or the legal profession.
>
> Upon the filing of a formal complaint, the Commission's entire file on the matter shall be subject to discovery.

RULE 26. DISCIPLINE BY CONSENT

> D. Confidentiality.   All tendered admission proceedings prior to entry of a consent discipline order shall be confidential and subject to the provisions of Rule 20 of these Rules.

¶9     Additionally, the preamble to the RLDE unequivocally states that the Montana Supreme Court "possesses original and exclusive jurisdiction and responsibility under Article VII, Section 2(3), of the 1972 Montana Constitution and the provisions of Chapter 61, Title 37, Montana Code Annotated, in addition to its inherent jurisdiction, in all matters involving . . . the conduct and disciplining of [persons admitted to practice law in Montana]."

¶10    We addressed a similar situation in *Boe*, in which Boe, a longtime judicial assistant for the district court in Billings appealed the Yellowstone County District Court's dismissal of her complaint challenging various provisions of the Montana Judicial Branch Personnel Plan (Plan).  In anticipation of transferring all county judicial employees from across the State into State employees in July 2003, and at the behest of the Montana Legislature, the Montana Supreme Court developed and adopted the Plan to provide for job classification, pay, recruitment and selection, performance appraisal, training and promotion of statewide judicial branch employees.  Upon adoption and implementation of the Plan, all county judicial employees were transferred to the Montana Judicial Branch.  Boe challenged the Plan, claiming, among other things, that it contained inequities, was capricious and violated her equal protection and due process rights.  The State, representing the Court Administrator's office, argued that the Supreme Court had exclusive jurisdiction over the Plan, and therefore the district court lacked subject matter jurisdiction.  The district court agreed and dismissed Boe's complaint.  We affirmed, noting that we had accepted original jurisdiction over previous petitions filed seeking amendments to the Plan, and that we had "exclusive jurisdiction over [the Plan]

6

and a district court [could not] invalidate, modify, or replace any or all of it." *Boe*, ¶ 10. We further stated that *Goetz v. Harrison* 153 Mont. 403, 457 P.2d 911 (1969), supported this ruling. In *Goetz*, the Court unequivocally held that "no Montana district judge has jurisdiction to sit in the judgment of the Supreme Court of Montana." *Boe*, ¶ 11.

¶11 As in the case of the Montana Judicial Branch Personnel Plan, we have exclusive jurisdiction over lawyer discipline and the rules on how such discipline shall be dispensed. Mont. Const. art. VII, § 2(3). In the current Rules, we have declared that certain procedures are confidential. The District Court does not have the authority to issue a contrary ruling. As we instructed in *Boe*, an original petition is necessary when rules or policies expressly adopted by this Court pursuant to our rule-making authority are subject to a direct challenge. *Boe*, ¶ 12.

¶12 In *Boe*, we advised Boe that she could pursue her claim by filing an original petition in this Court. However, we cannot extend the same offer to the Gazette when it comes to D'Alton's case. D'Alton tendered her Admission pursuant to a duly authorized proceeding under our rules of disciplinary conduct. She did so in reliance upon the confidentiality provided for in the Rules. We cannot now declare D'Alton's file open to the public. To do so would, in effect, be to revise our Rule and apply it retroactively to D'Alton's disadvantage. While the constitutional provisions and statutes prohibiting ex post facto laws have not been applied to the attorney conduct rules adopted by this Court, the principles of fairness and notice associated with the prohibition nonetheless apply in this situation. *State v. Leistiko*, 256 Mont. 32, 36-37, 844 P.2d 97, 100 (1992). Moreover, due process requires fundamental fairness of procedure which includes notice.

*In re B.N.Y.*, 2003 MT 241, ¶ 21, 317 Mont. 291, ¶ 21, 77 P.3d 189, ¶ 21; *In re A.F.-C.*, 2001 MT 283, ¶ 50, 307 Mont. 358, ¶ 50, 37 P.3d 724, ¶ 50.  D'Alton was not put on notice that at some future time, under circumstances over which she had no control, her file could be opened to the public.  To now issue such a ruling would be a violation of D'Alton's entitlement to due and fair process.

## CONCLUSION

¶13　　For the foregoing reasons, we affirm the District Court's order dismissing the Gazette's petition on the ground that it lacked subject matter jurisdiction.


/S/ PATRICIA COTTER

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE

8