DA 07-0696

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 304

IN THE MATTER OF THE ESTATE OF
CLIFFORD CONRAD HAUGEN, DECEASED,

LINDA A. BALEK and MARILYN M. HAUGEN,

        Appellants,

   v.

AUDREY A. HAUGEN,

        Appellee.

APPEAL FROM:     District Court of the Tenth Judicial District,
                      In and For the County of Fergus, Cause No. DP-1998-040
                      Honorable E. Wayne Phillips, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Timothy J. Wylder, Attorney at Law, Great Falls, Montana

        For Appellee:

            John R. Christensen, Timothy A. Filz, Ragain Christensen Fulton
            & Filz, PLLC, Billings, Montana

Submitted on Briefs:   August 6, 2008

Decided:   September 2, 2008

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Appellants Linda A. Balek (Linda) and Marilyn M. Haugen (Marilyn) appeal an order issued by the District Court in the Tenth Judicial District Court, Fergus County, which denied a motion filed by Linda and Marilyn to substitute District Court Judge E. Wayne Phillips. This motion to substitute was filed after appellee Audrey A. Haugen (Audrey) filed a verified petition in the District Court before Judge Phillips seeking to have herself replaced as the trustee of the Clifford C. Haugen testamentary trusts (Haugen Trusts). Because the District Court lacked subject matter jurisdiction over Audrey's petition, we reverse its decision and remand for further proceedings consistent with this Opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 Clifford C. Haugen (Clifford) died on May 7, 1998. After his death, his estate was probated informally in the Tenth Judicial District, Fergus County in Cause No. DP 98-40. Audrey, Clifford's surviving spouse, served as the personal representative of the estate during probate, and then was appointed as trustee of the Haugen Trusts upon the closing of Clifford's estate. Linda and Marilyn are both daughters of Clifford. Under the testamentary instruments, they were named beneficiaries of the Haugen Trusts and also nominated as successor trustees in the event that Audrey was unable to serve as trustee.

¶3 Linda and Marilyn claim that Clifford's estate was valued at $2,854,222.00 when it was closed on April 7, 2000. As of October 17, 2007, the aggregate value of the Haugen Trusts was $1,775,298.84. Linda and Marilyn claim that the Haugen Trusts have lost approximately $1 million due to Audrey's mismanagement and improper handling.

2

On May 22, 2007, Linda and Marilyn made a demand on Audrey for breach of trust. Subsequently, they filed a verified petition and complaint against Audrey in the Tenth Judicial District, under Cause No. DP 07-08. In their complaint, Linda and Marilyn alleged manifold breaches of trust by Audrey, and sought to remove her as trustee and recover damages for her actions in administering the Haugen Trusts.

¶4 On October 26, 2007, Audrey filed a verified petition in the Tenth Judicial District Court under the closed probate proceeding in Cause No. DP 98-40, with Judge Phillips presiding. In her verified petition, Audrey sought to have herself removed as the trustee of the Haugen Trusts, and asked the District Court to appoint a corporate trustee successor. In her petition, Audrey explicitly referenced the complaint filed by Linda and Marilyn in Cause No. DP 07-08, and addressed the allegations contained in that complaint. Linda and Marilyn claim that she filed this petition in order to quit her role as trustee before she could be removed under Linda and Marilyn's previously-filed action in Cause No. DP 07-08.

¶5 On November 5, 2007, Linda and Marilyn filed a motion to dismiss Audrey's verified petition in Cause No. DP 98-40 for lack of subject matter jurisdiction, and a motion for substitution of District Court Judge Phillips. On November 9, 2007, Judge Phillips denied the motion for substitution. Though he did not formally deny the motion to dismiss, Judge Phillips concluded that Audrey's verified petition was properly filed under the original probate Cause No. DP 98-40 because it dealt "with issues pertaining to both the probate of the estate and the administration of the trusts. The District Court has concurrent jurisdiction over matters pertaining to both the probate and the administration

3

of the trusts pursuant to § 72-35-101(2)(c), MCA." Judge Phillips went on to observe that Linda and Marilyn failed to file for a substitution of judge in 1998, and thus their present motion for substitution was untimely under § 3-1-804(1)(c), MCA.

¶6     Linda and Marilyn now appeal this decision of the District Court. They argue, in part, that Judge Phillips was without subject matter jurisdiction to entertain Audrey's verified petition due to the limited subject matter jurisdiction of district courts sitting in probate under § 72-1-202, MCA, of the Montana Probate Code. Linda and Marilyn maintain that Judge Phillips did not have jurisdiction over Audrey's petition because her petition concerned a trust proceeding and not the closed probate of Clifford's estate. We agree with Linda and Marilyn and find this issue to be dispositive. *See Stanley v. Lemire*, 2006 MT 304, ¶ 31, 334 Mont. 489, ¶ 31, 148 P.3d 643, ¶ 31 (quotation omitted) ("[O]nce a court determines that it lacks subject matter jurisdiction, it can take no further action in the case other than to dismiss it.") Thus, we state the sole issue on appeal as follows:

¶7     *Did the District Court have subject matter jurisdiction to entertain Audrey's verified petition?*

## STANDARD OF REVIEW

¶8     "Whether a court has subject matter jurisdiction is a question of law. We review a district court's conclusions of law to determine whether they are correct." *Boe v. Ct. Adminstr. for the Mont. Jud. Branch of Personnel Plan and Policies*, 2007 MT 7, ¶ 5, 335 Mont. 228, ¶ 5, 150 P.3d 927, ¶ 5.

## DISCUSSION

4

¶9 "A district court sitting in probate has only the special and limited powers conferred by statute, and has no power to hear and determine any matters other than those which come within the purview of the statute or which are implied as necessary to a complete exercise of those expressly conferred." *In re Graff's Estate*, 119 Mont. 311, 316-17, 174 P.2d 216, 218 (1946) (quotation omitted). As Linda and Marilyn correctly note, § 72-1-202, MCA, provides district courts with limited subject matter jurisdiction over probate and conservatorship matters. This statute reads in pertinent part as follows:

> **Subject matter jurisdiction.** (1) To the full extent permitted by the constitution, the court has jurisdiction over all subject matter relating to:
> (a) estates of decedents, including construction of wills and determination of heirs and successors of decedents, and estates of protected persons[.]

Section 72-1-202(1), MCA.

¶10 Conversely, § 72-35-101, MCA, of the Montana Trust Code provides as follows:

> **Subject matter jurisdiction.** (1) The district court having jurisdiction over the trust pursuant to chapters 33 through 36 has exclusive jurisdiction of proceedings concerning the internal affairs of trusts.
> (2) The district court having jurisdiction over the trust pursuant to chapters 33 through 36 has concurrent jurisdiction of the following:
> (a) actions and proceedings to determine the existence of trusts;
> (b) actions and proceedings by or against creditors or debtors of trusts; and
> (c) other actions and proceedings involving trustees and third persons.

¶11 Clearly, Audrey's petition to have herself removed as trustee was a trust matter, and not a matter relating to Clifford's estate or the construction of his will, as § 72-1-202(1), MCA, requires. Although Audrey argues that the District Court's initial jurisdiction over the probate matter provided it with concurrent subject matter jurisdiction

5

over the subsequent administration of the Haugen Trusts, this argument is unavailing. Section 72-1-202(1), MCA, provides a district court with limited subject matter jurisdiction over the probate matters related to an estate. *See In re Estate of Pegg*, 209 Mont. 71, 84, 680 P.2d 316, 322 (1984) (holding that limited grant of jurisdiction under § 72-1-202(1), MCA, did not extend to the approval of a settlement of a wrongful death action which was pursued by the personal representative of the decedent's estate); *see also In re Estate of Thomas*, 216 Mont. 87, 89-90, 699 P.2d 1046, 1048 (1985) (holding that a district court sitting in probate did not have jurisdiction to decide title to real property).

¶12 Exclusive subject matter jurisdiction over trust proceedings is conferred upon district courts pursuant to § 72-35-101, MCA. A trust proceeding brought pursuant to the Montana Trust Code is a proceeding separate and apart from the probate of an estate. Audrey has provided no authority for the proposition that a district court sitting in probate has jurisdiction over testamentary trusts which come into being after probate has ended and the decedent's estate is closed. Linda and Marilyn correctly note that probate courts once had such jurisdiction under § 72-12-101, MCA (1987); however, this statute was explicitly repealed by the Legislature in 1989 when § 72-35-101(1), MCA, was enacted. *See* 1989 Mont. Laws 1877. Thus, § 72-35-101(1), MCA, and not § 72-1-202(1), MCA, confers upon district courts exclusive jurisdiction over trust proceedings pursuant to the Montana Trust Code.

¶13 Audrey was not attempting to re-open the probate proceedings or re-litigate any probate matter when she filed her petition in DP 98-40; rather, she was seeking relief

under the Trust Code. Therefore, the district court sitting in probate lacked subject matter jurisdiction to preside over her petition to have herself removed as trustee. This being so, Judge Phillips should have granted Linda and Marilyn's motion to dismiss for lack of subject matter jurisdiction, and should not have even addressed the motion for substitution of judge. *Stanley*, ¶ 31. Accordingly, we reverse the decisions of the District Court, and remand for further proceedings consistent with this Opinion.

/S/ PATRICIA COTTER

We concur:

/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON

7