# FILED

October 6 2008

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 07-0704

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 334

JEFFREY SCOTT JORDAN,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Tenth Judicial District,
In and For the County of Fergus, Cause No. DV-2005-042
Honorable Wm. Nels Swandal, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Jeremy S. Yellin, Attorney at Law, Havre, Montana

      For Appellee:

      Hon. Mike McGrath, Montana Attorney General, Sheri K. Sprigg,
Assistant Attorney General, Helena, Montana

      Thomas P. Meissner, Fergus County Attorney, Lewistown, Montana

Submitted on Briefs:  August 27, 2008

Decided:  October 6, 2008

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Jeffrey Jordan (Jordan) was sentenced by the Tenth Judicial District Court to two twelve-year sentences to run consecutively, after pleading guilty to two counts of felony sexual assault. Upon review, the Sentence Review Division (SRD) increased his sentences to two consecutive twenty-year sentences, with eight years suspended. Jordan sought postconviction relief (PCR) from the amended sentence in District Court. The District Court dismissed his claim for PCR on the ground that it did not have jurisdiction to review a sentence issued by SRD. Jordan appeals. We affirm.

## ISSUES

¶2 The issues on appeal are:

¶3 Did the District Court err when it concluded that Jordan was precluded from seeking postconviction relief in a district court from the Sentence Review Division's decision?

¶4 Did the District Court err when it noted that the Sentence Review Division's reasoning was satisfactory?

¶5 Because we conclude the first issue is dispositive, we decline to address the second issue.

## FACTUAL AND PROCEDURAL BACKGROUND

¶6 In July 2004, Judge Nels Swandal of the Tenth Judicial District Court sentenced Jordan to two consecutive twelve-year sentences for two counts of felony sexual assault. The sentence also required Jordan to successfully complete both Phase I and Phase II of the sexual offender treatment program at Montana State Prison before being eligible for

parole. The District Court, however, included in Jordan's sentence the opportunity for him to seek reconsideration of this requirement if he was enrolled in Phase II of the treatment program and was complying with the program but had not completed it at the time he was parole eligible.

¶7 In March 2005, Jordan applied for sentence review by the Sentence Review Division. On March 31, 2005, the SRD increased his sentence to two consecutive twenty-year sentences with eight years suspended. The amended sentence also eliminated Jordan's opportunity to seek redress of his obligation to complete Phase II of sex offender treatment prior to parole eligibility.

¶8 Subsequently, Jordan filed two pro se petitions for postconviction relief in District Court challenging his amended sentence. Judge Phillips of the Tenth Judicial District Court dismissed both petitions on procedural grounds. Jordan appealed. In *Jordan v. State*, 2007 MT 165, 338 Mont. 113, 162 P.3d 863 (*Jordan I*), we noted that Judge Phillips had originally presided over Jordan's case but had been substituted by Judge Swandal early in the proceeding. Because it was Judge Swandal's sentence that Jordan appealed to the SRD, we concluded that "substitution of a trial court judge does not evaporate suddenly in a subsequent post conviction proceeding that involves the same parties, the same witnesses, and the same factual background as the underlying case from which the judge already has been removed." *Jordan I*, ¶ 13. We therefore reversed and remanded the case to District Court for Judge Swandal's consideration of Jordan's petition for PCR. *Jordan I*, ¶ 14.

¶9 Judge Swandal dismissed Jordan's PCR claim on the ground that district courts

cannot review a judgment of the SRD and that Jordan's only recourse was a writ of extraordinary relief before the Montana Supreme Court. The court also stated that SRD's reasoning in its amended judgment was sufficient to satisfy the applicable statutory requirements. Jordan appeals, arguing that the District Court erred when it: (1) concluded that Jordan was precluded from seeking postconviction relief in district court from an SRD's decision, and (2) opined that SRD's reasoning was satisfactory.

## STANDARD OF REVIEW

¶10 We review the grant or denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Jordan I*, ¶ 5.

## DISCUSSION

¶11 *Did the District Court err when it concluded that Jordan was precluded from seeking postconviction relief in a district court from the Sentence Review Division's decision?*

¶12 Jordan argues that the relevant statutes, §§ 46-21-101 and 46-18-904, MCA, permit him to seek PCR in district court; therefore, Judge Swandal erred when he denied Jordan's petition for lack of jurisdiction. Jordan cites § 46-21-101(1), MCA, for authority to seek postconviction relief in district court.

> A person adjudged guilty of an offense in a court of record who has no adequate remedy of appeal and who claims that a sentence was imposed in violation of the constitution or the laws of this state or the constitution of the United States, that the court was without jurisdiction to impose the sentence, that a suspended or deferred sentence was improperly revoked, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack upon any ground of alleged error available under a writ of habeas corpus, writ of coram nobis, or other common law or statutory remedy **may petition the court that imposed the**

4

**sentence** to vacate, set aside, or correct the sentence or revocation order. (Emphasis added.)[1]

He also relies on § 46-18-904(3), MCA, which provides in part:

> The sentence imposed by the district court is presumed correct. If the review division orders a different sentence, the court sitting in any convenient county shall resentence the person as ordered by the review division.

¶13 Jordan maintains that when SRD returns a case to district court after rendering its re-sentencing decision, it is the district court that "imposes" the SRD's sentence. As such, under § 46-21-101(1), MCA, he argues he may seek review of that "imposed" sentence in the district court.

¶14 Jordan also asserts that *State v. Torres*, 277 Mont. 514, 922 P.2d 1180 (1996), overruled in part by *Ranta v. State*, 1998 MT 95, 288 Mont. 391, 958 P.2d 670, does not preclude the filing of a petition for PCR in district court; rather, it simply states that a PCR petition may no longer be filed in the Montana Supreme Court. He opines that if "*Torres* meant what the District Court concluded, *Torres* would be in direct conflict with § 46-21-101, M.C.A."[2] Therefore, to harmonize *Torres* with § 46-21-101, MCA, he maintains we must hold that a petitioner may seek redress of an SRD sentence in the district court that imposed the sentence <u>or</u> by filing a writ of extraordinary relief with the Montana Supreme Court.

---

[1] Prior to a legislative amendment in 1997, this statute provided in relevant part that "a person adjudged guilty . . . may petition the court that imposed the sentence **or the supreme court** to vacate, set aside, or correct the sentence or revocation order." (Emphasis added.)

[2] We note that the District Court conducted no legal analysis or discussion of *Torres* in its Order; rather, it based its legal conclusion on *Ranta*.

5

¶15 Relying on *Ranta*, the State counters that the Montana Supreme Court is authorized to review a sentence of SRD but the district courts are not. In *Ranta*, after being sentenced in district court, Ranta applied for sentence review before SRD. SRD affirmed the district court sentences. Challenging SRD's ruling, Ranta filed a petition for postconviction relief with this Court. We stated that the 1997 legislative revision to § 46-21-101(1), MCA, eliminated the opportunity for a petitioner seeking PCR to file his or her petition directly with this Court. *Ranta*, ¶ 11. As a result, we accepted Ranta's petition for postconviction relief as a petition for extraordinary relief pursuant to M. R. App. P. 17 (Rule 17).[3] We also stated that to the extent *Torres*, decided in 1996, holds that filing a petition for PCR may be done with this Court, *Torres* is no longer controlling. Notably, however, we did not address in *Ranta* whether the district courts have jurisdiction to review an SRD sentence upon the filing of a PCR petition.

¶16 The State points out that Montana's law creating the Sentence Review Division was adopted from Connecticut's, i.e., Conn. Gen. Stat. § 51-195, thus making Connecticut's interpretations persuasive. It cites *State v. Nardini*, 445 A.2d 304, 313-14 (Conn. 1982) for the proposition that a trial court may impose SRD's modified sentence but it has no appellate authority and therefore is not authorized to review the action of SRD. The State maintains that after the Montana Legislature revised the SRD statute in 1997 to preclude filing PCR petitions with the Montana Supreme Court, the exclusive method remaining for challenging actions by the Sentence Review Board was the filing of a petition for extraordinary relief with the Montana Supreme Court.

---

[3] In 2007, Rule 17 was amended and re-numbered as Rule 14 (Rule 14).

¶17 In its Order denying Jordan's petition for PCR, the District Court relied on *Ranta* and concluded that this Court has the exclusive authority to review sentences issued by SRD.

¶18 Some historical analysis is necessary. In 1967, the Legislature enacted §§ 95-2501-2504, R.C.M. 1947, currently codified at §§ 46-18-901–905, MCA, creating the Sentence Review Division. The SRD was created to provide appellate review of legal sentences challenged by the recipient as being unjust or inequitable. *State v. Simtob*, 154 Mont. 286, 288, 462 P.2d 873, 874 (1969). Before the Sentence Review Division was created, we reviewed criminal sentences for both legality and equitability. *See State v. Brooks*, 150 Mont. 399, 412, 436 P.2d 91, 98 (1967) (reviewing a claim that a 40-year sentence was unduly harsh and unreasonable). After its creation, SRD was charged with determining the appropriateness of criminal sentences with respect to the individual offender and a particular offense. *State v. McKenzie*, 186 Mont. 481, 519, 608 P.2d 428, 450 (1980) (overruled in part on other grounds by *State v. Van Kirk*, 2001 MT 184, 306 Mont. 215, 32 P.3d 735). For example, questions of equitability, such as length of sentence or proportionality to the crime, fall under the purview of SRD. *State v. Kern*, 2003 MT 77, ¶ 54, 315 Mont. 22, ¶ 54, 67 P.3d 272, ¶ 54. On the other hand, this Court reviews sentences for legality—that is, whether the sentence is within the parameters of the sentencing statute. *State v. Ashby*, 2008 MT 83, ¶ 8, 342 Mont. 187, ¶ 8, 179 P.3d 1164, ¶ 8. As a result of the availability of this bifurcated review process, it is possible for a person to seek review by SRD of the equitability of his sentence, and seek review by this Court on the legality of his sentence.

7

¶19 In the case before us, however, Jordan sought review of the equitability of his sentences from SRD. SRD, as authorized by § 46-18-904(1)(a)(ii), MCA, increased his sentences and eliminated his opportunity to seek redress vis-à-vis parole eligibility and sex offender treatment. Jordan then sought review of SRD's sentences by the District Court. This was error and the District Court properly dismissed his petition.

¶20 It is well-established that this Court has exclusive jurisdiction over its rules, commissions and divisions. For example, we recently affirmed the district court's ruling in *Billings Gazette v. State*, 2008 MT 287, 345 Mont. 385, 190 P.3d 1126, in which the district court dismissed a petition requesting an order mandating the Commission on Practice and the Office of Disciplinary Counsel to release records of a legal disciplinary proceeding. The district court concluded that the Montana Supreme Court Rules of Professional Conduct dictated when records of such proceedings were public and when they were private, and that it did not have jurisdiction to decide otherwise. We agreed with the district court.

¶21 Similarly, just as we asserted exclusive jurisdiction over the rules of professional conduct in *Billings Gazette*, we asserted exclusive jurisdiction over a judicial branch personnel plan under which county judicial employees were transferred to the Montana Judicial Branch. *Boe v. Court Adm'r. for the Mon. Jud. Branch*, 2007 MT 7, 335 Mont. 228, 150 P.3d 927. Moreover, we unequivocally held in *Goetz v. Harrison*, 153 Mont. 403, 457 P.2d 911 (1969), that the district court may not sit in judgment of this Court.

¶22 A similar legal premise is applicable to the case at bar. In *Ranta*, ¶ 12, we explained:

8

Because the Sentence Review Division functions as an arm of this Court, this Court has the supervisory authority to ensure that it complies with statutes and rules governing its operations as well as the Montana Constitution and the United States Constitution. Section 46-18-901(1), MCA; Art. VII, Sec. 2, Mont. Const. Additionally, Rule 17(a), M.R.App.P., codifies this Court's power to "hear and determine such original and remedial writs as may be necessary or proper to the complete exercise of its jurisdiction." It is on that basis that we are authorized to review the decision of the Sentence Review Division.

¶23 These cases illustrate that this Court retains exclusive jurisdiction over its commissions and divisions. Clearly, SRD is a "division" of this Court, as is evidenced by the fact that § 46-18-901, MCA, is entitled "Review division of supreme court – review of sentences." Accordingly, the district courts have no jurisdiction to review the decisions of SRD.

¶24 Nor are we persuaded by Jordan's argument that remand of a SRD sentence to district court requires the district court to "impose" the new sentence which, in turn, authorizes a petitioner to seek PCR in the district court. Section 46-18-904(3), MCA, instructs the district court upon receipt of SRD's revised sentence to "resentence the person as ordered by the review division." This "resentencing" is a strictly ministerial task over which the district court has no discretion. As noted above, Connecticut law on this issue is persuasive. The *Nardini* Court, addressing a similar argument, explained it in this manner:

> [I]n criminal cases subject to sentence review, the imposition of the modified sentence following the action of the sentence review division is merely formal and ministerial. The trial court which imposes the modified sentence has no appellate authority and therefore is not authorized to review the action of the sentence review division. *State v. Deep*, 181 Conn. 284, 286, 435 A.2d 333 (1980). Furthermore, because it is bound by the previous action . . . it lacks any independent discretionary authority to

9

impose its own sentence. If the modified sentence is illegal in any respect the appropriate remedy for correcting such illegality is by appeal to [the Supreme Court of Connecticut]. (Citations omitted.)

*Nardini*, 445 A.2d at 313.

¶25    Therefore, we conclude that once a sentence has been reviewed by SRD and returned to the district court for implementation, a person wishing to challenge SRD's ruling is limited to seeking extraordinary relief from this Court under M. R. App. P. 14.

## CONCLUSION

¶26    For the foregoing reasons, we affirm the District Court's denial of Jordan's petition for postconviction relief.


/S/ PATRICIA COTTER


We concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JOHN WARNER